HENRY BRASH, *Plaintiff in Error*, v. WALTER J. EHRMAN AND GUSTAV STERN, COPARTNERS DOING BUSINESS AS EHRMAN & STERN, *Defendants in Error*.

1. A set-off is allowed in an action on contract, only of matters growing out of contract. Damages sustained by reason of annoying suits, malicious prosecutions, slander of title, injury to one's credit occasioned by such proceedings, though relating to the subject matter of plaintiff's suit, cannot be set off.

2. In an action on contract, a plea of set off of damages arising out of tort is plainly frivolous and properly treated as a nullity and stricken on motion.

3. When the defendant's sole plea was properly stricken as frivolous and irrelevant, he was in default, and, as he did not ask leave to file a new plea, the court was authorized to enter judgment by default against him.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hillsborough County.

## *Statement*

The defendants in error as plaintiffs below, sued the plaintiff in error as defendant below, in the Circuit Court for Hillsborough County in assumpsit for the value of certain goods and chattels bargained, sold and delivered to the plaintiff in error, amounting to the sum of three hundred and ninety-one ($391.00) dollars. A writ of attachment was issued and levied upon certain personal property of the defendant, whereupon the defendant, with two sureties, to-wit, L. Meriwether and Daniel Cracowaner, gave a forthcoming bond for the purpose of retaking the property. Afterwards the defendant filed his plea, setting up that during the month of October, A. D. 1907, he was a merchant doing business in the City of Tampa, with good credit, and that he purchased from the plaintiffs the goods and chattels described in the declaration; that at the time of the purchase it was agreed between the defendant and the plaintiffs that the goods should be paid for on December 1st, 1907, but that on the 25th day of October, A. D. 1907, before the time of payment, the plaintiffs, solely for the purpose of injuring, harassing and annoying the defendant and ruining his credit, wilfully and maliciously instituted a suit against the defendant for the value of said goods and wares, and caused writs of garnishment to be issued, directed to several banks in the City of Tampa, garnishing any funds of the defendant in their hands, and that by reason of said acts the defendant suffered great damage and loss in his business and his credit, which sum the defendant offered to set off against the claim of the plaintiffs aforesaid.

Afterwards, on the 27th day of March, 1908, the plaintiffs filed a motion, in words and figures following, to-wit:

"Now come the plaintiffs in the above entitled cause,

by their attorneys, Wall & McKay, and move the court to strike from the files in said cause, the plea filed by the defendant to the declaration on the 14th day of March, A. D. 1908, and said plaintiffs further move the court to enter judgment upon the record by default, and final judgment against the said defendant, for failure of said defendant to file a good and sufficient plea, setting up a good and sufficient defense to the cause of action set forth in the declaration, and for grounds of their said motion, assign the following, to-wit:

1st.  Because the said plea is frivolous and constitutes no defense whatsoever to the cause of action set up in the declaration.

2nd.  Because the said plea attempts to set off as a demand against the plaintiffs, an alleged right of action in tort, contrary to the provisions of the statutes of the State of Florida.

3rd.  Because the said defendant in said plea has admitted his indebtedness to the plaintiffs as claimed by them in their said declaration, and has not set up any legal or valid off-set or defense to the same.

4th.  Because under the admissions and allegations of the defendant in said plea, as a matter of law, plaintiffs are entitled to judgment on the record.

5th.  And for other good and sufficient reasons apparent upon the face of the record in said action."

Upon which motion the court made the following ruling, to-wit:  "The foregoing motion is granted.  Exception noted, March 30, 1908."

And upon the same day the court entered judgment, in words and figures following, to-wit:

"Now on this 30th day of March, A. D. 1908, the foregoing cause coming on for hearing upon motion of the plaintiff to strike from the files the plea filed by the defendant to the declaration in said cause, and to enter

judgment by default against the said defendant, and the court having examined the record and heard argument of counsel upon the matters of law raised by said motion, and it appearing to the court that the plea filed by said defendant constitutes no good and valid defense to the cause of action, set up in the declaration, and it further appearing to the court from the allegations made by the defendant under his oath in said plea that he has no good and meritorious defense to said action, and that he cannot plead over, it is thereupon considered by the court that judgment by default be, and the same hereby is entered against the defendant in said cause, for his failure to file a plea setting up a good and meritorious defense to said action within the time required by law, and the rules of practice of this court.

And the said plaintiffs having moved the court for final judgment upon said default and having offered proof of their said cause of action, to-wit, an itemized statement of account verified by the affidavit in garnishment heretofore filed in said cause, and it also appearing to the court that the said defendant in his said plea, which has this day been stricken for insufficiency, has admitted the amount of the indebtedness claimed by the plaintiffs, and it further appearing to the court that there is no issue made up by the record to be submitted to a jury, and the said defendant being in default and the said plaintiffs having requested the court to enter final judgment without submitting said cause to a jury; it is thereupon considered by the court that the plaintiffs do have and recover of and from the defendant the sum of four hundred and two and 40-100 as principal and interest for their damages, together with their costs in this behalf expended, now taxed by the Clerk at the sum of ten and 34-100 dollars.

And it further appearing to the court that a writ of

attachment after the course of this court hath issued in said cause, and hath been levied upon the goods and chattels of said defendant of the value of eight hundred ninety-four & 60-100 dollars the said value having been fixed by the officer making the levy of said writ of attachment, and that the said property has been retaken by the defendant upon a bond to have the property forthcoming to abide the final order of the court in this cause, upon which said bond Daniel Cracowaner and L. Meriwether are sureties, and it appearing further to the court that judgment by default and final judgment hath been entered against the said defendant, it is thereupon considered by the court that the plaintiffs do have and recover of and from the defendant, and off and from Daniel Cracowaner and L. Meriwether as the sureties on said forthcoming bond, the sum of four hundred and two & 40-100 as principal and interest of their damages, and the further sum of ten and 34-100 dollars as their costs in this behalf expended, as taxed by the Clerk, the same being the amount of judgment for principal, interest and costs entered against the defendant by default, as hereinabove set forth."

To that judgment this writ of error is prosecuted.

*Sparkman & Carter* for plaintiff in error.

*Wall & McKay* for defendants in error.

PARKHILL, J., (*after stating the facts.*): The first assignment of error is, that the court erred in striking the plea of the defendant. There was no error in this ruling. The claims sought to be set off are for tort. Our statute prescribes that debts or demands mutually existing between the parties shall be proper subjects of set off. The

case of Matthews v. Lindsay, 20 Fla., 962, disposes of this question. In that case we held: "A set off is allowed in an action on contract, only of matters growing out of contract. Damages sustained by reason of annoying suits, malicious prosecutions, slander of title, injury to one's credit occasioned by such proceedings, though relating to the subject matter of plaintiff's suit, cannot be set off."

This plea was properly stricken on motion. It was plainly frivolous, and was properly treated as a nullity to be stricken on motion. A demurrer was not necessary to dispose of this plea, neither was a motion to make definite and certain applicable, because this was not the case where a meritorious defense was pleaded with such uncertainty that its precise and full nature was not shown.

The second assignment of error is that the court erred in entering a final judgment against the defendant. The only argument in support of this assignment is the statement that it "is practically embraced within the first assignment of error, except for the fact that the court in his judgment finds that the defendant had no defense to the cause of action. How the court was able to find this, without any testimony or hearing of any kind, is something beyond our comprehension."

Upon striking out the plea of set off, the court entered a default judgment against the defendant. Thereupon a final judgment was entered. The record shows that notice of the time and place of the hearing of the motion to strike the plea and enter the judgment was served upon counsel for the defendant, and the judgment recites that it was entered after argument of counsel on the motion to enter judgment by default. It does not appear from the recitals of the judgment that he asked leave to file a new plea. The court was authorized to enter judgment by default against the defendant since his plea was

stricken out as frivolous and irrelevant and the defendant did not ask leave to file a new plea. 23 Cyc. 749. After the frivolous plea was stricken out, the defendant was in default; his time for pleading had gone by; his frivolous plea was no plea. The recitals of the plea seem to sustain the findings of the judgment that the defendant had no defense to the cause of action. There is no bill of exceptions here, and we know nothing except what appears in the record proper.

The judgment is affirmed.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.