W. C. Bass, *et al., Plaintiffs in Error,* v. Mrs. M. A. Geiger, *Defendant in Error.*

## Opinion Filed February 9, 1917.

1. In accordance with the provisions of Section 2963 of the General Statutes of 1906, "An accommodation party," as defined by such section, who has signed a negotiable instrument "is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation endorser."

2. In accordance with the provisions of Section 16 of the U. S. Bankruptcy Act of 1908, "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

3. A pleading in an action at law may be infected with such vices as to be open to attack either by a motion to strike out or by demurrer.

Writ of Error to Circuit Court for Osceola County; Jas. W. Perkins, Judge.

Judgment affirmed.

*Johnston & Garrett,* for Plaintiffs in Error;

*H. S. Hampton,* for Defendant in Error.

Shackleford, J.—Mrs. M. A. Geiger, a widow, instituted an action at law against Ross Graves, W. C. Bass and R. T. Butler upon a joint and several promissory note alleged to have been executed by all of the defendants to the order of the plaintiff. Ross Graves, one of the defendants, filed a plea to the effect that he had been "duly discharged from bankruptcy after having

paid to his creditors twenty-five per cent. on a composition which was duly accepted and that the plaintiff's claim was included in said composition." W. C. Bass and R. T. Butler filed two pleas to which the plaintiff interposed a demurrer and thereupon the defendants moved to strike the demurrer from the files. Before any ruling was made either on the demurrer or motion the defendants were granted leave by the court to file amended pleas. To these amended pleas the plaintiff again interposed a demurrer and also filed a motion to strike the second amended plea, which demurrer was sustained as to the first amended plea and such motion was granted as to the seconded amended plea, and the following judgment was rendered:

"The above cause coming on this day to be heard upon demurrer to the defendant's amended first plea, and motion to strike defendant's amended second plea filed by the defendants W. C. Bass and R. T. Butler, and the court having considered the same, and having heard argument of counsel, is of the opinion that the above pleas do not set forth a defense to the declaration; thereupon,

"IT IS ORDERED AND ADJUDGED that the demurrer to said amended first plea be sustained, and said motion to strike said amended second plea be and the same is hereby granted, to which ruling the defendants except. Thereupon, the defendants having anounced that they do not desire to plead further, and the respective parties having stipulated before the court that the defendant Ross Graves, the maker thereof, subsequent to the execution of the aforesaid note, had become a bankrupt; that his indebtedness on said note, as maker, was listed in said proceedings; that a composition was offered by said bankrupt, accepted by his creditors, and the amount received from said composition in bankruptcy has been credited

by the plaintiff on the note sued on herein, and the respective parties have submitted said cause to the court without a jury, and the plaintiff having filed in evidence the original note described in the declaration; thereupon, the court having taken evidence as to a reasonable attorney's fee provided by said note and the cause of action, doth find that the sum of Ninety Dollars is a reasonable attorney's fee, and there is now due and owing by virtue of the promissory note, after deducting the credits thereon, the sum of $670.63 for principal, and the further sum of $245.00 for interest; thereupon, upon consideration hereof,

"It is ordered and adjudged that the plaintiff M. A. Geiger do have and recover of and from the defendants W. C. Bass and R. T. Butler, as endorsers of the promissory note filed in evidence as plaintiff's cause of action, the sum of $915.63, for principal and interest, together with the further sum of $90.00, for attorney's fee, making a total of One Thousand and Five and 63/100 ($1,-005.63) Dollars, as damages, together with the costs in this behalf sustained, to be taxed by the Clerk of this Court, for which let execution issue.

"Done and ordered at Chambers in the City of Kissimmee, Florida, on this 17th day of June, A. D. 1916."

Bass and Butler have brought this judgment here for review and have assigned as errors the sustaining of such demurrer, the granting of such motion and the rendering of such judgment. Such amended pleas are quite lengthy and we see no useful purpose to be accomplished by setting them out, so we shall content ourselves with a brief discussion of the principles of law which we deem to be decisive of the points presented for determination. Section 2963 of the General Statutes of 1906 provides as follows: "An accommodation party is one who has signed

the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

Section 16 of the U. S. Bankruptcy Act of 1908 is as follows: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." See the discussion of this section in Collier on Bankruptcy (10th ed.) page 375. We would also refer to Easton Furniture Mfg. Co. v. Caminez, 27 Amer. Bankr. Rep. 29.

After a careful examination of these two amended pleas we are of the opinion that the Circuit Judge was right in holding that neither of them sets forth any valid defense. It would seem that such pleas are infected with such vices as to be open to attack either by a motion to strike or demurrer. See Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922.

No reversible error having been made to appear to us, the judgment must be affirmed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.