ROBERTS BROTHERS, a Corporation, and SUNILAND REALTY COMPANY, INC., a Corporation, *Appellants,* v. BERTIE LANGFORD, *Appellees.*

Division A.

Opinion filed June 6, 1930.

*Leitner & Leitner,* for Appellants;

*Huffaker & Edwards,* for Appellee.

Ellis, J.—There are two motions submitted in the above cause, one relating to the sufficiency of the supersedeas bond and the other to the good faith of the appeal. The consideration of either motion necessitates an examination of the record and consideration of the questions there presented. As the briefs upon the merits are in, the Court has decided to make a final disposition of the case.

Ordinarily the cause should take its place on the docket and be submitted in due course, but in view of the nature of the motions submitted of which a due consideration necessitates as careful reading of the record as would be required on consideration of the case on its merits, we have decided to dispose of the case on its merits. We are somewhat constrained to follow this course because of the simplicity of the questions involved and the mass of written pages within which they lie concealed. One examination of the record should suffice for a final determination of the cause.

1270

If we should be unable to say that it did not appear that the appeal was frivolous or taken in bad faith or that the terms of the supersedeas were not violated and the bond is adequate the case would automatically take its place on the docket and be reached for consideration in about eight months or a year from this date when the record would have to be read again and the merits of the cause again considered, as the members of the Court could not be expected to carry in their minds the details of the cause as presented. At that time it is reasonable to suppose that the Court's judgment upon the merits of the cause would be the same as it is today. As the work has already been done and the judgment ready to be entered now there is no reason nor necessity for postponing it a year, doing the work all over and then entering a judgment which we can as well enter today.

We wish to say, however, that the disposition of this case must not be regarded by the profession as in any manner a suggestion that gentlemen of the bar may obtain an extraordinarily speedy disposition of their cases by the simple expedient of moving to dismiss the appeal on the ground that it is frivolous. It would be a wise plan for the Court to deny all such motions in view of the crowded condition of the docket, so that no one may by such means obtain a preference of his case over others in the matter of consideration upon the merits.

This cause was begun in the effort to obtain a remedy to which the complainant was apparently entitled upon a transaction of most common occurrence: the loan of money, the acceptance of mortgage security and the default of the mortgagor. Through many pages of unnecessary pleadings, consisting in the main of recitals of evidence, it appears that the money which the complainant loaned belonged to her and her three children, that therefore the

security was taken for their benefit and the relief sought was for their benefit; that the personal notes of complainant held by the defendant were not proper subjects of set off because the consideration for the notes which were executed in favor of a certain corporation had failed, the defendant which had acquired the notes had done so with a knowledge of such fact, was not a *bona fide* holder in due course, besides its acquisition of the notes was tainted by a fraud perpetrated on complainant through the chicanery of the corporation's president acting in a fiduciary capacity toward complainant which resulted in the benefit defendant was claiming by the set off.

The chancellor heard all the evidence, unravelled the pleadings, extracted the issues and applied the evidence with the result that he arrived at the conclusion which to our mind seems just, equitable and in accordance with conscience and the rules of law; therefore, the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the circuit court be, and the same is hereby affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.