THE GRAND LODGE, KNIGHTS OF PYTHIAS OF NORTH AMERICA, SOUTH AMERICA, EUROPE, ASIA, AFRICA AND AUSTRALIA, JURISDICTION OF FLORIDA, a Florida corporation, *Plaintiff in Error*, vs. DAISY GOODALL STROUD, joined by

her husband and next friend, JAMES STROUD, *Defendant in Error.*

144 So. 324.

Division B.

Opinion filed Oct. 24, 1932.

Petition for rehearing denied November 7, 1932.

*McGill & McGill,* of Jacksonville, and *M. S. McGregor,* of DeLand, for Plaintiff in Error;

*Paul W. Harvey,* for Defendant in Error.

PER CURIAM.—This is a motion to quash a writ of error under Section 4639 C. G. L., 2920 R. G. S., which provides that Courts of error have power to quash proceedings in all cases in which error does not lie, or where they are taken against good faith or merely for delay.

To determine the motion the Court has been compelled to make an examination of the voluminous transcript of

the record brought here on this appeal, and from such examination the Court is satisfied that no reversible error was committed by the Court below.

Therefore the motion to quash or dismiss the proceedings in error will be denied and the judgment affirmed on the principles stated by this Court in Roberts Bros. vs. Langford, 99 Fla. 1268, 128 Sou. Rep. 810.

Affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.

---

ON PETITION FOR A REHEARING.

On Motion to Quash writ of error as frivolous, motion denied and judgment affirmed October 24, 1932. On petition for rehearing as to the judgment of affirmance, petition denied.

PER CURIAM.—The Court did not overlook any of the propositions mentioned in the petition for rehearing, when the judgment Oct. 24, 1932, was affirmed.

The plea of privilege interposed was so insufficient in form and substance as to be subject to either demurrer or motion to strike. Bass vs. Geiger, 73 Fla. 312, 73 So. Rep. 936. And after it was ordered stricken, default was properly entered in the absence of any request to be permitted to plead further. Brash vs. Ehrman, 56 Fla. 153, 47 So. 397. The stricken plea contained no allegation negativing the fact that the defendant kept an office in Volusia County, so it was wholly and distinctly different in substance from the plea upheld in Prince vs. J. Ray Arnold Lumber Co., 105 Fla. 365, 141 Sou. Rep. 172.

The default judgment was entered by the Circuit Judge himself at the time he struck the plea of privilege as frivolous, and it does not appear that prior to, or at

that time, the defendant had made any request to be permitted to plead further in the event the motion to strike was granted. So there was no error in entering the default, and consequently no error in allowing the cause to proceed ex parte· in all its phases after the default was entered.

The fact that the defendant had a right to appear and be heard as to damages, even after default judgment, did not impose any duty on the plaintiff to serve notices on defendant as to such further proceedings, in the absence of some request on plaintiff to be served with notices of taking depositions, or some order of the court applied for and obtained requiring such notices to be served. To proceed *ex parte* means to proceed without the necessity of serving notice and such was the order of procedure directed by the Judge in his order granting the default judgment, which order was known to defendant which could have applied to the court for permission to be permitted to defend thereafter as to damages and be served with notices relating to that inquiry.

Rehearing denied.

BUFORD C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.