JOHN H. MEIER and MAX GRIFFING MEIER, *Appellants*, v. A. JOHNSTON, as Grand Chief Engineer of the Grand International Division of the Brotherhood of Locomotive Engineers, et al., *Appellees*.

149 So. 185.
Division A.
Opinion filed June 1, 1933.

*Williams & Dart,* for Appellants;

*John F. Burket* and *Francis C. Dart,* for Appellees.

DAVIS, C. J.—Upon motion to dismiss the appeal herein as frivolous, the Court is of the opinion that the motion to dismiss should be denied, but that the interlocutory order appealed from should be affirmed on the authority of Grand Lodge, etc., v. Stroud, 107 Fla. 152, 144 Sou. Rep. 324, wherein this Court held that where the Supreme Court, in determining motions to quash proceedings in error as frivolous, examines transcript and finds no reversible error, the judgment or decree appealed from will be affirmed, although the motion to dismiss as frivolous is adjudged not well taken.

In this case the defendants below, appellants here, by their answer suggest that the bill of complaint, which was for foreclosure of a mortgage, was defective for want of

proper parties complainant. By special leave of court the Chancellor assigned the cause for argument as a motion upon that objection only. See Section 17, Chapter 14658, Acts of 1931, "1931 Chancery Act." The motion to strike the challenged portion of the defendants' answer was granted. The appeal is from that order.

We find ample authority to support the order appealed from, in Section 14 of the 1931 Chancery Act, which provides that:

"When the question is one of common or general interest to many persons constituting a class so numerous as to make it impractical to bring them all before the Court, one or more may sue or defend for the whole."

In this case the suit is one for foreclosure of a mortgage brought by representatives of the Grand International Division of the Brotherhood of Locomotive Engineers as complainants. The "Brotherhood" is an unincorporated association of working men, whose membership is shown to be so numerous as to make it impracticable to bring all of the members thereof before the court. Consequently one or more, as representative of the whole membership, may sue for the whole under Section 14 of the 1931 Chancery Act.

The question involved here was considered and determined below under Section 17 of the 1931 Chancery Act as a question of parties to the suit. The objection as to parties was overruled and it is that ruling which constitutes the sole error assigned on this appeal. Section 14 of the statute, as hereinbefore referred to, makes it quite clear that as to parties, the suit is sufficient and should proceed, with leave to defendants, if they are advised, to contest on final hearing, the validity of the assignment of mortgage as a question going to the merits of complainants' right to have

a decreè of foreclosure, rather than as a question of *parties* to the proceeding itself.

There is no occasion for retaining the case on the docket for further argument of consideration; therefore, on the authority of Grand Lodge, etc., v. Stroud, *supra,* the order appealed from will at this time be affirmed as a means of disposing of the case now before us on motion to dismiss the appeal as frivolous.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.