W. A. STACEY, *et al.*, v. JENNIE L. CHRISTMAN, *et al.*

149 So. 186.

Division A..

Opinion Filed June 17, 1933.

*G. P. Garrett,* for Appellants;

*W. J. Oven* and *James Messer, Jr.,* for Appellees.

DAVIS, C. J.—Upon consideration of appellee's motion to dismiss the appeal herein as frivolous, it appears that this case has been fully briefed by appellant, and that in order to dispose of the pending motion to dismiss the appeal filed by appellee, it will be necessary for this Court to examine the transcript of the record, and the assignment of errors herein, in order to intelligently make a ruling on appellee's motion. Such examination has been made and it appears therefrom that the decree appealed from should be affirmed on the authority of Meier v. Johnson, decided at the present term, and Grand Lodge of K. of P., etc., v. Stroud, 107 Fla. 152, 144 Sou. Rep. 324.

This was an equity suit for foreclosure of a mortgage. The only assignment of error argued on this appeal is that the Circuit Court below erred in its ruling that no notice of taking testimony, or of the filing of the master's report of evidence, or of the complainant's application for a final decree, was necessary to be given to defendants below

(appellants here), after decrees *pro confesso* had been entered against them.

That proposition is conclusively settled by Section 76 (2) of Chapter 14658, Acts of 1931 (1931 Chancery Act), which provides as follows:

"(2) No Notice to Party in Default: No notice of any motion, hearing or any other proceeding under a bill of complaint or under answer asserting a counter-claim and praying affirmative relief shall be required as to a party against whom a decree *pro confesso* has been taken, and no time need elapse as to any such defaulting party in order to allow the court to proceed with the cause."

See State *ex rel.* Fisher v. Rowe, Circuit Judge, decided here at the present term.

Upon motion to dismiss appeal as frivolous, decree appealed from affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.