62 So.2d 427 (1952)
MOORE et al.
v.
BOYD et al.
Supreme Court of Florida, Special Division B.
November 4, 1952.
Rehearing Denied December 19, 1952.
*428 Clark W. Jennings, Orlando, for appellant.
Joel R. Wells, Jr., Orlando, and Leon H. Handley, Lakeland, of Maguire, Voorhis & Wells, Orlando, for appellees.
FABISINSKI, Associate Justice.
Judgment was taken against the defendant below, consequent upon default entered by the Clerk upon direction of the Circuit Judge. Appeal is taken from the judgment by default, as well as from the final judgment entered by the Court.
The complaint is in form on the common counts, almost verbatim, as numbered in former Section 51.03, F.S. 1949 (which has been repealed) one to six. Nowhere in the declaration is there any mention of any date to which the allegations might be related, nor any exhibits of any nature attached.
The common counts, as such, are no longer permissible under the provisions of Common Law Rules in force. However, certain forms quite similar are permissible under an order of the Court dated January 21, 1950, which approves the use, where applicable, of forms authorized under Rule 84 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and shown as an Appendix to the compilation of those rules. Form 5 would have been appropriate in the present action, and Count one of the complaint here considered would have been sufficient as compliance with that form, if it had stated the period of time during which the goods were sold and delivered and if the basis for the claim was for articles of manufacture and commerce. It appears, however, that the claim was for labor and materials furnished in constructing the foundations of certain buildings.
While we are of the view that the complaint violates the spirit and intent of our present rules of pleading, yet if the complaint as a whole in any part states a cause of action, the remaining parts may be considered as surplusage. We do not read the complaint as one of six counts, but as a statement of the cause of action in the alternative  six alternatives, in fact.
Defendant moved to dismiss on the ground that the complaint failed to state a cause of action; but answered the sixth count, which alleged an account stated between the parties.
We are of the opinion that without an itemized statement of the goods alleged to have been delivered (See Rule 11, 30 F.S.A.), and without any allegation of the time when such goods were delivered, the complaint failed to state a cause of action.
The Court below denied a motion to dismiss, but in the same order permitted plaintiff to amend by attaching a bill of particulars. On the same day, a statement was filed, but not attached to or made a part of *429 the complaint, nor served upon the counsel for defendant. It bore the date of June 13, 1949, and described the indebtedness of defendant as follows:

Footings: One duplex apartment $174.06
 Three triplex apartments,
 each $253.14 759.42
41 loads of fill dirt, 3 yards each 184.50
 ________
 $1117.98

At this state of the proceedings defendant's counsel again moved to dismiss. In a separate motion he moved to strike each count of the complaint and each item of the bill of particulars, or, in the alternative that plaintiff be compelled to amend the bill of particulars, stating eight grounds of supposed deficiencies in each count and the bill of particulars; and in addition he moved to strike the seventh count (for interest) as surplusage. There can be little question that he indicated quite forcibly the additional information desired in order that he might plead intelligently to the complaint.
While we are nowhere informed by the transcript of record of that fact, we feel that we are justified in taking judicial notice that "footings", especially as furnished by a concrete construction company, are not articles of manufacture or commerce, but are laid in place at the site of the erection of a building, and in this day and time often of moist concrete in a ditch or trench. It would surprise us greatly if there were established standard or competitive unit prices for "footings", since they vary so much in size and shape.
Electing to consider the several motions of the defendant as a nullity, plaintiff moved the Court for a default for failure of the defendant to answer within the time prescribed by the rules. This motion was filed on March 13, 1952, and was granted on April 3, 1952. The bill of particulars was filed on February 26, 1952. Twenty days had not elapsed from the latter date, but since the original complaint was filed on January 11, 1952, much more than that time had elapsed between that date and the filing of the motion for default. No time was fixed in the order of the Court of February 26th (allowing plaintiff to amend by attaching a bill of particulars) for defendant to plead to the complaint as amended. The motions of defendant to dismiss, strike or amend the bill were filed on March 4, 1952, less than ten days after the filing of the bill of particulars.
Since the Court below had denied one motion to dismiss (however erroneously), it was good practice to consider the second motion a nullity, especially as the complaint had been improved in some measure by the filing of the bill of particulars. And we would not hold it to be error to consider the motions to strike also as a nullity, although it would certainly have simplified the pleadings if all but the first count had been stricken.
In former days, where the filing of a copy of the cause of action with the declaration was essential, defendant could with impunity decline to plead until the rule day succeeding that upon which a copy of the cause of action was filed. By analogy we consider that the defendant here had just as much justification for taking twenty days from the attempted completion of the cause of action (completion by adding the bill of particulars) as plaintiff claimed to have justification for considering the several motions as a nullity. But we do not need to so determine, since, if the case must degenerate into a battle of technicalities, the defendant was amply justified in requesting a better bill of particulars before pleading to the complaint, and the motion therefor should have been granted.
We are the more fortified in this conclusion when we find that on final hearing the only evidence offered in support of the complaint was an affidavit "that defendant is indebted to plaintiffs * * * pursuant to an oral contract then in existence between plaintiffs and defendant". This is simply a conclusion of affiant, and no testimony as to the nature of the oral contract was offered. The Court was permitted under applicable statutes to enter a final judgment consequent upon default, upon a liquidated claim, without an inquisition for damages, but where proof is necessary to establish the nature and amount of damages, *430 this is not so. But the point we make here is that the testimony (in the form of the affidavit) demonstrated that there was some justification in the request for a better bill of particulars.
Finally, we find that final judgment was entered without notice to defendant. If the entry of judgment on default had been consequent upon a failure to defend in any particular, that is, if defendant had not made any active defense of any nature, but passively permitted default to be entered, this might not have been error, although even in such case the defendant is entitled to be heard upon the amount of damages, even if not upon the merits of the claim. Since no jury was demanded, the Court might well have proceeded to trial without the intervention of a jury. But before the present rules were adopted, a default entered upon a cause of action other than for liquidated damages did not justify a final judgment until the matter was docketed for trial at the succeeding term,  at which defendant was charged with notice that the case might be called for the assessment of damages. In lieu thereof, if a plaintiff desires to try an unliquidated claim before the Court, such plaintiff must await the calling of the docket at the next term, or give the defendant notice of the assessment of damages before the Court, so that defendant may be given an opportunity to be heard upon the amount of damages. See Security Finance Company v. Gentry, 91 Fla. 1015, 109 So. 220.
We have noted that defendant complains of the entry of default at a time when an answer to so-called "count six" was on file. There was no error in that respect as such, since plaintiff is permitted in proper case to proceed to judgment upon so much of the case as is not controverted by taking judgment nil dicit as to so much of the declaration as is not covered by the plea. Clonts v. Spurway, etc., 104 Fla. 340, 341, 139 So. 896.
We are not assuming that substantial justice was not done by the entry of final judgment. But we have the definite conviction that the proceedings are replete with such disregard for the observance of the Common Law Rules that there should be a fresh start taken in the cause, with a complaint framed in accordance with the rules. The attempt of the Court to expedite the cause is commendable, and the rules provide the means for the Court, if necessary, to bring it to an early conclusion upon the merits.
Reversed with directions to set aside the final judgment and default, and for proceedings not inconsistent with this opinion.
SEBRING, C.J., and TERRELL and MATHEWS, JJ., concur.

On Petition for Rehearing.
FABISINSKI, Associate Justice.
Appellee has filed a motion for rehearing.
Counsel contend that a bill of particulars is not a pleading in the sense used in Rule 8(a) of the Common Law Rules, 30 F.S.A. This may be true, but Rule 11 does require accounts, or a copy thereof, to be incorporated in or attached to the complaint, and in express terms makes such bill of particulars a part of the pleading. However that may be, the point we make is that without a bill of particulars the complaint was defective, and was subject to motion to dismiss, because it did not allege the time element. 7 C.J.S., Assumpsit, Action of, § 22, page 124, note 62. See also Dawkins v. Smithwick, 4 Fla. 158.
Appellee also contends that we have formerly held that no notice is required to be given of further proceedings after default. We agree to this rule and have no quarrel with it, but it will be noted that the case upon which appellee relies, Grand Lodge, Knights of Pythias of North America, South America, Europe, Asia, Africa, and Australia, Jurisdiction of Florida, v. Stroud, 107 Fla. 152, 144 So. 324, 325, merely indicates that no affirmative notice need be given of the intent to invoke the jurisdiction of the Court. The notice which is to be given to the defendant is the call of the docket at the next term of Court, at which he is charged with notice. Wilhelm v. South Indian River Company, 98 Fla. 970, 124 So. 729. Certainly by analogy where a jury is waived and it is desired to take judgment before the next term or during *431 a term after the calling of the docket, notice should be given in lieu of awaiting the docketing of the case, unless notice is waived, as was found to be the case in the case first cited above.
Appellee places a different interpretation on the repeal of Sec. 51.03, F.S., F.S.A. than we have given it. However, we are convinced that the rules do abolish the common counts, except to the extent that they are approved by following the provisions of the Federal Court rule cited in the original opinion. By this we do not mean that the form of the individual common counts as they formerly existed may not be used as a complaint if the complaint thereby "sets forth a brief and simple statement of ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the case against him".
Petition for rehearing is denied.
SEBRING, C.J., and TERRELL and MATHEWS, JJ., concur.