PEARSON, TILLMAN, Chief Judge.
The plaintiff appeals an order dismissing its second amended complaint. Error is also assigned for the dismissal of the first *479 complaint and the first amended complaint. The sole question presented by this appeal is whether a complaint in the form previously approved by statute (§ 51.03, now repealed) for goods sold, to which was attached a full statement of account, is sufficient under the present rules of practice.[1]
In Kislak v. Kreedian, Fla.1957, 95 So.2d 510, Mr. Justice Drew speaking for the Supreme Court set forth the measure which must he applied in this state to determine the sufficiency of a complaint to state a cause of action:
“While the Rules of Civil Procedure provide that the complaint shall be sufficient if it informs the defendant of the nature of the cause against him, the complaint must sufficiently allege the ultimate facts which, if established by competent evidence, would support a decree granting the relief sought under law. In other words, the complaint must allege a cause of action recognized under law against the defendants; otherwise it does not, in contemplation of the rule, ‘inform the defendant of the nature of the cause against him.’ To put it another way, the ‘nature of the cause’ has reference to a cause of action cognizable under the law.”
Tested by the measure given, plaintiff’s first amended complaint was sufficient.
Paragraph one of the amended complaint substantially conforms to Form 15 set forth following Rule 1.8, Florida Rules of Civil Procedure.[2] These forms are published in 30 F.S.A., beginning at page 150. See Edgewater Drugs, Inc. v. Jax Drugs, Inc., Fla.App.1962, 138 So.2d 525, 527. Section 51.02, Fla.Stat., F.S.A. states, in effect, that these forms shall be sufficient in the statement of a complaint. In addition, the complete statement of charges attached to this complaint fully apprised the defendant of the amounts alleged to be owed. In speaking of the same complaint form as that involved here, the Supreme Court has said:
“Form 5 would have been appropriate in the present action, and Count one of the complaint here considered would have been sufficient as compliance with that form, if it had stated the period of time during which the goods were sold and delivered and if the basis for the claim was for articles of manufacture and commerce.” Moore v. Boyd, Fla.1952, 62 So.2d 427, 428.
We, therefore, hold that the trial judge erred in his order dismissing plaintiff’s first amended complaint, which is labelled “amended complaint” and was filed July 3, 1961. It is true that this complaint attempted to join several other statements *480 of the alleged cause of action m the form previously approved by statute. But inasmuch as the account which is attached supports only the count for goods bargained and sold, these latter statements may be disregarded as surplusage and are subject to being stricken upon motion. Accordingly the order of dismissal is reversed and the cause remanded with direction to the trial judge to enter an order requiring the defendant to file its answer to the amended complaint of July 3, 1961, within such reasonable time as the trial judge shall find appropriate, and for further proceedings in the cause.
Reversed and remanded.

. Rule 1.8, Florida Rules of Civil Procedure, 30 F.S.A.:
“(b) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counter-claim, or cross-claim, must state a cause of action, and must contain allegations of fact sufficient to show the jurisdiction of the court. It shall set forth a short and plain statement of the ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the cause against him, it shall be held sufficient. It must contain a demand for judgment or decree for the relief to which the pleader deems himself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief.”

. This form is identical in wording with Form 5 in the appendix of forms to the Federal Rules of Civil Procedure. “ * * * an order of the Court dated January 21, 1950, * * * approves the use, where applicable, of forms authorized under Rule 84 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and shown as an Appendix to the compilation of those rules.” Moore v. Boyd, Fla. 1952, 62 So.2d 427, 428. See The Florida Bar, Florida Civil Practice Before Trial § 12.14, at 347 (1963).