298 So.2d 186 (1974)
Eugene C. THOMAS et al., Appellants,
v.
George ROLLINS et Ux., Appellees.
No. T-134.
District Court of Appeal of Florida, First District.
July 23, 1974.
Rehearing Denied August 19, 1974.
L. William Graham, Dell, Graham, Willcox, Barber, Rappenecker, Ryals & Henderson, Gainesville, for appellants.
James E. Clayton, Clayton, Duncan, Johnston, Clayton, Quincey, Ireland & Felder, Gainesville, for appellees.
*187 BOYER, Judge.
Appellants, plaintiffs below, appeal an order of the Circuit Court dismissing the plaintiffs' third amended complaint with prejudice.
We reverse.
Certainly neither the third amended complaint nor any of its predecessors are model pleadings. However, that is not the test to be applied. As this Court stated in Dawson v. Blue Cross Association, Fla. App. (1st) 1974, 293 So.2d 90:
"The sole question to be determined on this appeal is whether the various orders of dismissal were properly entered by the trial court.
"At the outset we emphasize that there is a clear distinction between a motion to dismiss, a motion for summary judgment, a motion for judgment on the pleadings, a motion for directed verdict and post trial motions.
"Although all persons, including pleaders, should constantly strive for perfection, it is not requisite that every complaint be a model pleading. It is not necessary, nor indeed desirable, that a plaintiff allege evidence. Aside from allegations as to jurisdiction and demand for judgment for relief the rule only requires `a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.' (Rule 1.110, Florida Rules of Civil Procedure, 30 F.S.A.). If the complaint contains sufficient allegations to inform the defendant of the charges of wrongdoing which constitutes the real basis for the plaintiff's complaint so that the defendant may intelligently answer, it should be held sufficient. [Cohn v. Florida-Georgia Television Company, Fla.App. 1st 1969, 218 So.2d 787.] The allegations must, of course, be sufficient to inform the defendant of the nature of the cause against him. [Naples Builders Supply Co. v. Clutter Constr. Corp., Fla.App. 3rd 1963, 152 So.2d 478.]
"A motion to dismiss may not act as a substitute for a motion for summary judgment, and a court may not properly go beyond the four corners of the allegations of the complaint when considering a motion to dismiss it. This court held in Thompson v. City of Jacksonville, Fla.App. 1st 1961, 130 So.2d 105, that:
`Under our rules of procedure and adjudication, when a court is considering the validity of a plaintiff's complaint upon the filing by the defendant of a motion to dismiss on the grounds of failure to state a cause of action, one of the most important principles for a court to keep in mind is that in such consideration the court must confine itself strictly to the allegations within the four corners of the complaint itself. For the purpose of this consideration, also, the court must accept as true the allegations of fact contained in the complaint, and the court is without authority to speculate as to what the true facts may be or what facts will be ultimately proved in the trial of the cause. The consideration of an appellate court when reviewing the trial court's ruling on the validity of the complaint as against such motion to dismiss, is circumscribed by the same limitations. * * *' (At page 107)
"The applicable law was again enunciated by this court in Hopke v. O'Byrne, Fla.App. 1st 1963, 148 So.2d 755, wherein the writer of that opinion stated:
`The sole question to be determined on this appeal is whether in the present action the trial court properly granted the defendant's motion to dismiss the plaintiff's complaint. In such a consideration the trial court and this court are confined exclusively to an examination of the complaint and any attached documents incorporated therein in determining whether the plaintiff has alleged a cause of action. The question of the sufficiency of the evidence which the plaintiff will likely be *188 able to produce in a hearing on the merits, is wholly irrelevant and immaterial in reaching such a determination.' (At page 755)
* * * * * *
`* * * It is basic that in passing upon a motion to dismiss a complaint, all of the well-pleaded allegations of the complaint must be accepted as true. In our court system no privilege is more valuable than the opportunity accorded a plaintiff who has sufficiently alleged in his complaint a cognizable cause of action, to present his evidence in support of those allegations before the appropriate trier of the facts.' (At page 756)
"What the proof may ultimately show is not a question in the proceeding before us, nor was it a proper question to be considered by the trial court. The sole issue is and was whether the complaints or any of them contained sufficient allegations of ultimate fact to state a cause of action affording relief, if ultimately proved. We find that they did." (293 So.2d at pages 92 and 93)
No useful purpose will be accomplished by here reciting all of the allegations of the lengthy third amended complaint. Suffice to say that, in our opinion, it alleges a cause of action. Proof is, of course, another matter, which must await trial on the merits.
Defendants recognize in their briefs that if the complaint alleges fraud then it is sufficient but they urge that the allegations are insufficient to raise that issue. We do not agree. The third amended complaint alleges, inter alia, that the real property which is the subject matter of the litigation has a value of $24,000; that at the time it was conveyed by plaintiffs to defendants it was encumbered by a mortgage in the sum of $5,200; that defendants were relatives and trusted acquaintances of plaintiffs; that defendants had an interest in protecting the land from foreclosure for the reason that defendants had, for a number of years, used the land incident to defendants' farming operations; that defendants induced plaintiffs to convey the property to defendants upon the representations by defendants that they would use their good credit rating to obtain a mortgage on the property the proceeds of which would be used to pay off the existing mortgage upon which foreclosure was threatened; that defendants would immediately execute a memorandum agreeing to reconvey the property to plaintiffs; that defendants would then, immediately after procuring the new mortgage, reconvey the property to plaintiffs and that defendants now refuse so to do.
Inducing an owner to convey without consideration a parcel of valuable property to one in whom the owner reposes confidence upon the representation that the grantee will execute a memorandum of the true intentions of the parties relative to the conveyance, coupled with the subsequent refusal to execute the memorandum is clearly fraud. Were the law otherwise virtually every real estate transaction would be fraught with the danger that the first instrument to be executed incident to the transaction (which is normally the deed of conveyance) might be grabbed up by the recipient who then by refusing to execute the other documents anticipated to have been executed incident to the transaction may frustrate the intent of the parties, placing at a distinct disadvantage the first party to execute a document incident to that transaction. The statute of frauds may not be used as an instrument of fraud. It was never intended to accomplish such an anomalous result.
Defendants below, appellees here, further urge that the complaint was defective because of its failure to offer to do equity. First, implicit in a careful reading of the complaint is an offer or an agreement to do equity by plaintiffs assuming and becoming responsible for the mortgage presumably placed upon the property by the defendants. Second, a trial court in a *189 traditionally equitable proceeding is not bound by the prayer of the complaint and is at liberty to require, as a condition precedent to relief, the performance of any obligations requisite on the part of the party seeking the relief. The property involved in the case sub judice is alleged to be valued at $24,000 and the mortgage is alleged to have been intended to be in the approximate sum of $5,200. Applying logic and common sense, under such circumstances, it is difficult to understand how the defendants could be potentially harmed by their personal liability on the mortgage. Should the mortgage be foreclosed they would be at liberty to bid at the foreclosure sale: Further, it is inconceivable in this day and time that a piece of property worth more than four times the amount of a mortgage would be sold at foreclosure sale for less than the amount of the mortgage, thereby rendering the maker personally liable for a deficiency judgment.
Reversed and remanded for further proceedings consistent herewith.
SPECTOR, Acting C.J., and Johnson, J., concur.