BASKIN, Judge.
Drayton Valentine died in 1974. In his will he created a trust for the benefit of his son Drayton Chew Valentine. Drayton Valentine's wife, Julia Tedesco Valentine, was named guardian of the child and of his property, and the Philadelphia National Bank later became trustee. In 1977, Mrs. Valentine adopted Drayton Chew Valentine. She received an average of $3,000 a month from the trust; she spent the entire amount without obtaining prior court approval. During her guardianship Mrs. Valentine failed to file annual returns until the trial court entered an order in 1981 requiring her to file them. After conducting a hearing concerning the expenditures, the trial court ordered Mrs. Valentine to repay to Drayton $112,705.34 spent before the adoption and $263,665.25 spent after the adoption. The trial court determined that Mrs. Valentine was not entitled to use Drayton’s funds: before the adoption the funds were not spent on the reasonable care of the child and after the adoption, she was under a legal duty to support and maintain her adopted child. In this appeal Mrs. Valentine argues that the trial court erred in failing to consider the terms of the trust when making its determination. We agree and reverse.
After the trial court reached its decision, and while this appeal was still pending, this court decided Ash v. Coconut Grove Bank, 443 So.2d 437 (Fla. 3d DCA 1984). Ash established that when a trust is designed to discharge parental responsibility, the parental obligation is alleviated to the extent contemplated by the trust. See also Annot., 121 A.L.R. 176, 197-207 (1939). Under Ash the trial court erred in refusing to take into consideration the extent to which the testator may have intended to relieve the natural guardian of the obligation to support. On remand, the trial court need not accept appellant’s interpretation of the trust; if the court finds that the testator intended to alleviate parental responsibility, then Ash principles apply; otherwise the trial court should be guided by the standards of Beck v. Beck, 383 So.2d 268 (Fla.3d DCA 1980).
Although we recognize what appears to be a conflict between section 744.-397(3), Florida Statutes (1981), which requires parental support of a minor and section 744.444(8), Florida Statutes (1981), which permits a guardian of the property to use the ward’s funds to pay reasonable living expenses on the ward’s behalf without obtaining court approval, we believe the issue has been resolved by Ash. Consequently, we conclude that the natural guardian of a minor must obtain court approval prior to expending assets of the ward notwithstanding trust provisions which purport to relieve the natural guardian of legal duties.
We find no merit in appellant’s assertion that the trial court is required to itemize the expenses allowed and disallowed.
An order of the probate court arrives in the appellate court clothed with the presumption of its correctness and will be affirmed if it can be supported on any theory. In re Estate of Schor, 172 So.2d 888 (Fla.3d DCA 1965). The findings of a probate court are entitled to the same weight as the findings of any other trier of fact. In re Estate of Winslow, 147 So.2d 613 (Fla.2d DCA 1962). The burden is on the appellant to show that the findings and order of the probate court are clearly erroneous. Gardiner v. Goertner, 110 Fla. 377, 149 So. 186 (1933).
Beck at page 272-273.
The trial court deemed it necessary to impose sanctions for the guardian’s failure to comply with accounting requirements and failure to obtain court approval for expenditures of the ward’s funds. We find no abuse of discretion in the court’s removal of Mrs. Valentine as guardian.
We have considered appellant’s other arguments and find them to be without merit.
For these reasons, we reverse and remand for further proceedings consistent with this opinion.