KLEIN, J.
Appellants Jacqueline and Joseph Bernstein were minors when their father died, and guardianships were accordingly established to protect the property they inherited. Shortly thereafter, and during the minority of the children, irrevocable trusts were created with court approval which would continue until the children reached age thirty. This litigation involves the issue of whether, where the guardianship assets were transferred into trusts, the guardian/trustee was required to follow the statutory requirements for a guardian while the children were minors.
Larry Bernstein died in 1992, leaving his wife and two children, Joseph, fourteen, and Jacqueline, seven. Before his death Larry had been making arrangements to establish trusts for his children, but they were not set up before he died. His wife Michelle, who was appointed personal representative, requested the court to appoint David Miller, a CPA who was the children’s great uncle, as the guardian of the children’s property. This property consisted of the proceeds of life insurance policies or property inherited from them father, about $100,000 a child.
After Miller was- appointed guardian, he and Michelle agreed that irrevocable trusts should be created for each minor child, naming Miller as trustee, so that the children would not receive the property when they became eighteen. After appointing a guardian ad litem to determine whether the trust was in the best interest of the children, and receiving his recommendation that the trusts be established, the court approved irrevocable trusts under which the children would not receive the principal until they were age thirty. The trust did authorize periodic distributions and also provided:
The Trustee shall, at least annually, furnish to the Beneficiary a statement showing the property then held by the Trustee and the receipts and disbursements. Further, until the Beneficiary attains the age of eighteen (18) years, the Trustee shall be required to file an annual report to the guardianship court and the Trustee shall be subject to the jurisdiction of said court.
The guardian/trustee did not file any statements or reports for several years, resulting in this litigation, in which it was alleged that he had mishandled the children’s funds. Although the trial court concluded that there had been violations, the court reviewed the manner in which the funds had been invested and distributed and concluded that no monetary liability should be imposed on the guardian/trustee, *1127 but that he should bear his own attorney’s fees and costs.
The children have appealed, arguing that the guardian/trustee made improper expenditures and investments, and he cross-appeals the denial of his attorney’s fees and costs.
The children argue that the trial court erred in not requiring the guardian/trustee to have strictly complied with the guardianship statutes until the children reached majority. The guardian/trustee responds that he should only be held to the less stringent requirements imposed on him as a trustee.
We conclude that there should have been compliance with the guardianship statutes for each child until that child reached majority. We reach that.conclusion because we find no authority in our guardianship statutes which would authorize creation of these trusts while the children were minors. The guardian/trustee suggests in his brief that the authority for the creation of the trusts can be found in section 744.441(19), Florida Statutes, which authorizes a guardian, upon court approval, to:
Create revocable or irrevocable trusts of property of the ward’s estate which may extend beyond the disability or life of the ward in connection with estate, gift, income, or other tax planning or in connection with estate planning.
The evidence in this case showed no purpose for creating these trusts other than to keep the trust funds from being distributed to the minors when they reached the age of majority. These trusts were not, accordingly, created for the purposes of “tax planning,” or “estate planning.” Nor do we find any other provision in Chapter 744 which would have authorized these trusts. If the trusts were not authorized, it necessarily follows that the trusts could not be the basis for relieving the guardian of his statutory duties.
We therefore agree with the children that the guardian in this case should have followed the guardianship laws until each guardianship terminated when each child reached majority. The fact remains, however, that the trial court had before it sufficient information furnished by the guardian/trustee, albeit late, to determine whether there were any improper disbursements. The guardian/trustee presented an expert witness who examined the disbursements characterized by the children as improper and concluded that they were proper. Although there was also expert testimony to the contrary, it was up to the trial judge to resolve the conflicts. We thus find competent evidence to support the trial judge’s finding of no improper expenditures. There was also evidence to support the trial court’s finding that the trust funds were not improperly invested.
In regal’d to the cross-appeal, we find no abuse of discretion in denying the guardian/trustee’s attorney’s fees and costs. Valentine v. Kelner, 452 So.2d 965 (Fla. 3d DCA 1984)(trial court did not abuse discretion in imposing sanctions for guardian’s failure to file accountings). If he had only done what the trusts required him to do, let alone what the guardianship statutes require, this litigation would not have been initiated. The judgment is affirmed.
DELL and GROSS, JJ., concur.