PALMER, J.
Traci Hancock, in her position as the mother and natural guardian of her minor child (the minor), appeals the order entered by the trial court approving, in part, a proposed settlement agreement. Determining that the trial court erred in refusing to approve the structured portion of the proposed settlement agreement, we reverse.
Traci Hancock was appointed guardian over property of the minor. The nature of the property subject to the guardianship was proceeds from a personal injury lawsuit.
Traci Hancock subsequently filed a petition seeking the trial court’s approval of a settlement agreement on behalf of the minor. The agreement provided for payment to Traci Hancock for her services as guardian, to the minor’s counsel for their services in the personal injury lawsuit and the guardianship proceedings, and to the minor for her tort damages. The petition stated that it was in the minor’s best interest that the lawsuit be settled. Of importance to the instant appeal, the petition *1076 further stated that the intent would be for the minor’s proceeds to be used to purchase “an annuity for the benefit of the minor child.” Notably, the proposed annuity provided for a structured settlement which was payable over the next twenty-seven years.
After hearing a summary of the terms of the proposed settlement agreement, the trial court asked counsel whether the minor would be able to “get her cash out of the annuity when she turns 18”. Counsel replied, “no”.
The trial court entered an order approving the settlement of the minor’s personal injury lawsuit, but refusing to authorize the purchase of a structured settlement annuity. The order reads:
The Court denies the guardian’s request for authority to purchase an annuity contract for the benefit of the minor child payable beyond the age of majority. The Guardian of the property has no authority to bind the assets of the ward beyond the age of majority pursuant to Florida Statute 744.441(19)[ 1]; Guardianship of Bernstein v. Miller, 777 So.2d 1125 (Fla. 4th DCA 2001).
Traci Hancock maintains that the trial court erred, as a matter of law, in denying her request to approve the structured portion of the settlement agreement reached by the parties. We agree.
A trial court’s approval or disapproval of a specific exercise of power by a guardian falls within the discretion of the trial court. Rainey v. Guardianship of Mackey, 773 So.2d 118 (Fla. 4th DCA 2000). However, to the extent that the trial court’s ruling is based on statutory construction, this court’s review is de novo. Punsky v. Clay County Bd. of County Com’rs, 60 So.3d 1088 (Fla. 1st DCA 2011).
The trial court rejected the structured settlement annuity portion of the proposed settlement agreement, concluding that the court lacked the legal authority to approve said agreement because the terms of the agreement would remain in effect even after the date the minor turned eighteen years old. Specifically, the trial court concluded that section 744.361(6)(e) of the Florida Statutes (2009) required the court to ensure that, once the minor turned eighteen years old, the proceeds from her lawsuit would be available to her. The statute reads:
744.361. Powers and duties of guardian
[[Image here]]
(6) A guardian who is given authority over any property of the ward shall:
(a) Protect and preserve the property and invest it prudently as provided in chapter 518 [pertaining to the investment of fiduciary funds], apply it as *1077 provided in s. 744.397 [referring to application of income of property of ward], and account for it faithfully.
(b) Perform all other duties required of him or her by law.
(c) At the termination of the guardianship, deliver the property of the ward to the person lawfully entitled to it.
(Emphasis added). To support its conclusion, the trial court cited to Guardianship of Bernstein v. Miller, 777 So.2d 1125 (Fla. 4th DCA 2001). The trial court erred in relying on Bernstein.
In that regard, the appellants in Bernstein were Jacqueline and Joseph Bernstein who were minors at the time their father died. Their uncle was appointed to be the guardian of the property the children inherited from their father. After the uncle was appointed guardian, he and the children’s mother agreed that an irrevocable trust should be created for each child. The trial court eventually entered an order approving the creation of the irrevocable trusts under which the children could not receive the principal of their inheritances until they reached age thirty. Upon review, the Fourth District struck the trial court’s order, concluding that the trust agreements violated section 744.441(19) of the Florida Statutes which authorizes the creation of irrevocable trusts which extend beyond the disability of the ward only if the trust is created in connection with tax planning. 777 So.2d at 1127.
Here, there were no trust documents at issue and, thus, the limitation set forth in section 744.441(19) was not at issue. Instead, the parties in this case submitted a proposed annuity contract which, pursuant to section 744.441(21) of the Florida Statutes, a trial court is authorized to approve, provided that the contract is “appropriate for, and in the best interest of, the ward.” All parties and the trial court agreed that the annuity contract proposed by the parties in this case was in the minor’s best interest. In addition, section 744.361(6)(c) does not prohibit the entering into an annuity contract as long as the annuity contract is delivered to the ward at the termination of the guardianship. See § 774.102, Fla. Stat. (2009) (defining property as meaning “both real and personal property or any interest in it and anything that may be the subject of ownership.”). Accordingly, the trial court erred in refusing to approve the structured portion of the proposed settlement agreement.
REVERSED and REMANDED.
GRIFFIN and EVANDER, JJ„ concur.

. Section 744.441 of the Florida Statutes (2009) reads, in relevant part, as follows:
744.441. Powers of guardian upon court approval
After obtaining approval of the court pursuant to a petition for authorization to act, a plenary guardian of the property, or a limited guardian of the property within the powers granted by the order appointing the guardian or an approved annual or amended guardianship report, may:
[[Image here]]
(19) Create or amend revocable trusts or create irrevocable trusts of property of the ward's estate which may extend beyond the disability or life of the ward in connection with estate, gift, income, or other tax planning or in connection with estate planning. The court shall retain oversight of the assets transferred to a trust, unless otherwise ordered by the court.
[[Image here]]
(21) Enter into contracts that are appropriate for, and in the best interest of, the ward.