TERRELL, Justice.
This is a proceeding to probate the will of Frances Krieger, executed May 5, 1952. The testatrix died November 5, 1953, and on November 13, 1953, appellant Elbert C. Harmon petitioned the appropriate court to probate the will and to issue him letters testamentary as the will provided. Caveats were filed by Andrew E. Krieger, Jr., and Grace Blain, stepchildren of the testatrix. The caveators also filed answer resisting the petition to probate on the ground that the testatrix was incompetent at the time she executed the will and that it was secured by undue influence of Harmon.
*498 The Probate Court took testimony and determined that the testatrix had testamentary capacity and admitted the will to probate but he also determined that those portions of the will leaving; bequests to appellant and appointing him (appellant) co-executor and co-trustee were void on account of having been secured by undue influence. The order of the Probate Judge was on appeal affirmed by the Circuit Court. This appeal is from that decree.
The only point for determination is whether or not the evidence is sufficient to show that the portions of the will leaving bequests to Harmon and appointing him co-executor and co-trustee were void account of having been procured by undue influence of Hannon on the testatrix.
Appellant proposes four grounds for reversal: (1) He admits that the will was unreasonable and unnatural but says that it was unreasonable in a reasonable manner; (2) the testimony of counsel who prepared the will shows that its preparation and execution were not secured by undue influence; (3) the Probate Court did not give sufficient credibility to a certain order he made in another proceeding concerning the testatrix; (4) notwithstanding the provisions of the will in favor of appellant resulted from his influence, such influence was “allowable.” Appellant in other words contents himself by proposing a premise or proposition on which his case may be answered and with it wraps up the answer the court should give on his rather than the Probate Court’s appraisal of the evidence.
The evidence shows that the testatrix was mentally sick; that she was a confirmed alcoholic, was infirm in mind and body and executed the will while in that condition and under the complete control of appellant. Before he had known her eight months he moved into her home and directed her household; he would insist on being present when any one talked to her, never ^permitted her to be alone with others ; insisted that he was her business manager and took care of her business; got her to invest him with power of attorney to represent her, and took complete charge of her safe deposit box and personal affairs. He then embarked on a course of cursing, abusing, calling her vile names, dominating her every movement and isolated her from friends; he told her what to eat and how much; when to stand and when to sit; how to dress and what clothes to purchase and directed all her activities. Pie was the type that appeared to gloat over the fact that he could handle her so thoroughly. Every element of undue influence was established. Mrs. Krieger’s physical and mental condition suscepted her to undue influence and she was shown to be completely dominated by appellant. She was within his clutches twenty-four hours of the day; she could not take care of herself, even to such personal ministrations as dressing her person and retreating to the bathroom for ablutions. Since no other person was present, the opportunity to impose his will on her was present. It is definitely shown that appellant was disposed to exercise influence over the testatrix. The results of such influence were shown in the will that was produced. The Probate Court so found, the Circuit Court approved and we are constrained to follow them.
This case is typical of others which have made their way to this court in which one who is senile or otherwise incompetent becomes possessed of a sizable wad, then like the prodigal son, excites the devotion of the avaricious who never before found anything about them to excite their interest. The web of deceit is forthwith thrown about the victim and the surprising thing about the whole affair is that those who cast the net so often exhibit no more alertness in spoiling their designs than the victim of their greed does in avoiding them.
The following cases compel the judgment we have reached: Gardiner v. Goertner, 110 Fla. 377, 149 So. 186; Hamilton v. Morgan, 93 Fla. 311, 112 So. 80; In re Auerbacher’s Estate, Fla., 41 So.2d 659; Watts v. Newport, 149 Fla. 181, 6 So.2d *499 829; Newman v. Smith, 77 Fla. 633,. 82 So. 236; In re Estate of Zimmerman, Fla., 84 So.2d 560, and many others could be cited.
Affirmed.
DREW, C. J., THORNAL, J., and WARREN, Associate Justice, concur.