172 So.2d 888 (1965)
In re ESTATE of George SCHOR, Deceased.
Leo Schor and Rose Michaels Schor, Appellants,
v.
Max SCHOR, David Schor, Jack (Jacob) Schor, and Fae (Fay) Schor Glass, Appellees.
No. 64-115.
District Court of Appeal of Florida. Third District.
March 9, 1965.
Rehearing Denied April 7, 1965.
*889 Sinclair, Barfield & Louis, Bertha Claire Lee and Fay L. Becker, Sol Maisel, Miami, for appellants.
Robert C. Lane, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
PER CURIAM.
By this appeal the appellants, co-executors and sole beneficiaries of the last will and testament of the deceased, seek review of a trial judge's order setting aside the will which appointed them as co-executors and named them as sole beneficiaries.
We affirm the action of the probate judge upon the authority of In Re Aldrich's Estate, 148 Fla. 121, 3 So.2d 856; Zinnser v. Gregory, Fla. 1955, 77 So.2d 611; In re Krieger's Estate, Fla. 1956, 88 So.2d 497; In Re Reid's Estate, Fla.App. 1962, 138 So.2d 342, and in particular upon those authorities mentioned in the cited cases, which state the proposition that one who procures the execution of a will and is named therein as a substantial beneficiary thereunder has a burden of overcoming a presumption of undue influence exerted by him upon the testator.
The order of the probate court having arrived here with a presumption of correctness [see: State v. Town of Sweetwater, Fla. 1959, 112 So.2d 852; Global Aero Service, Inc. v. Lloyd Aereo Boliviano, S.A., Fla.App. 1963, 157 So.2d 708], if it can be supported on any theory it should be affirmed. See: Cohen v. Mohawk, Inc., Fla. 1962, 137 So.2d 222; Crudele v. Cook, Fla.App. 1963, 165 So.2d 424. It is apparent, measuring the record on this appeal, that there was sufficient evidence before the trial court to indicate the confidential relationship between the appellants and the deceased; that they procured the drafting and the execution of the will and their evidence failed to rebut the presumption [above referred to] of undue influence that arises out of the fact that they were named as sole beneficiaries in the will.
Therefore, the order here under review is hereby affirmed.
Affirmed.