WIGGINTON, Judge.
Claimant, Nellie E. Walden, has appealed a final order rendered by the County Judge’s Court of Duval County denying her claim to compensation for nursing services rendered the incompetent, Thomas Hobein.
The sole question presented by this appeal is whether the court erred as a matter of law in denying appellant’s claim under the evidence adduced at the hearing before the court. Since appellant has not favored us with a transcript of the trial proceedings which forms the factual basis for the order here assaulted, we must accept the undisputed facts disclosed by the pleadings and those recited in the final order as the true facts of the case.
From the record it appears that appellant, Nellie E. Walden, was appointed legal guardian of the incompetent, Thomas Hobein, early in the year 1947 and continues to serve in that capacity to and including the present time. Prior to her appointment as guardian, appellant received from the incompetent’s mother a conveyance of real estate consisting of a home in Jacksonville, subject to a life estate in the incompetent. The consideration for this conveyance was the agreement on the part of appellant to care for the incompetent during the remainder of his natural life. Since the date of her qualification as guardian appellant has received from the incompetent’s estate a monthly allowance for his care and maintenance, including an additional sum for a male nurse to assist in caring for the incompetent’s physical needs. In addition, appellant has received a monthly allowance as compensation for services rendered in her official capacity as guardian. The home conveyed to appellant by the incompetent’s mother was subsequently sold, and a substantial portion of the sales proceeds was received and retained by appellant as her individual property. Appellant has never received any formal education or training as a nurse, so the care and attention rendered by her to the incompetent has been that which would normally be rendered by a hired domestic. The extra monthly allowance for a male nurse to assist in caring for the incompetent has been paid to appellant’s husband over the entire period of time she has served as guardian of the incompetent’s estate.
*499 By her petition appellant asks to be compensated at the rate of $75.00 per week for the past 24 years in which she has attended to her ward’s care, maintenance, and essential needs. Based upon the foregoing facts the court found that the petitioner has already received a fair consideration for the services rendered by her and, therefore, is not entitled to additional compensation which she now seeks. In light of the foregoing finding the court concluded and held that the petition for additional compensation by appellant be denied.
In support of her position appellant relies upon that provision of the statutes which authorizes the guardian of the person of a ward to apply to the county judge for an order directing that there be paid to the guardian such amounts as may be considered necessary for the support, care, maintenance and education of the ward.[1] Appellant contends that under this provision of the statute she is entitled to an allowance for nursing services rendered the incompetent during the past 24 years. This contention is made despite the fact that she has" never received any formal education or training as a nurse, and it has been found by the court from the evidence adduced at the trial that she has already been reasonably compensated for all services rendered by her.
It is well settled in this state that the findings of fact made by a court sitting as a trier of both law and facts are entitled to the same weight as the verdict of a jury and should not be disturbed unless clearly unsupported by the evidence.[2] It is also fundamental that an order of a probate court rendered in the exercise of its lawful discretion is clothed with a presumption of correctness, and will be disturbed on appeal only upon a clear showing that it is contrary to the manifest weight of the evidence, the burden being on the appellant to make error clearly appear.[3]
Appellant having failed to demonstrate error, the order appealed herein is affirmed.
CARROL, DONALD K., Acting C. J., and McLANE, RALPH M., Associate Judge, concur.

. F.S. § 744.50, F.S.A.

. Zakutney v. Zakutney (Fla.App.1963), 151 So.2d 299.

.In re Estate of Schor (Fla.App.1965), 172 So.2d 888; White v. Acker (Fla.App.1963), 155 So.2d 176.