PER CURIAM.
The City of Miami and the City of Miami Beach, along with Sol Green and others, owners of Certificates of Public Convenience and Necessity issued by these municipalities, sought to enjoin the enforcement of and have declared invalid Dade County Ordinance No. 81-85. The ordinance provides for county-wide regulation of taxicabs and supersedes and rescinds existing municipal taxicab regulations. The trial court declared the ordinance “valid and enforceable in all respects,” and stayed the enforcement of the ordinance to give the municipalities and individual plaintiffs an opportunity to appeal. We continued that stay in effect during the pendency of our review of the case. We affirm the judgment entered below.
I.
The appellants contend that Ordinance No. 81-85 is invalid because the Florida Supreme Court in Metropolitan Dade County v. City of Miami, 396 So.2d 144 (Fla.1981), held a prior and substantially identical county ordinance invalid. It is clear from the opinion in Metropolitan Dade County v. City of Miami, supra, that the court found the prior ordinance invalid because it conflicted with a state statute, Section 323.052,[1] in existence when the ordinance was enacted.
The Legislature repealed Chapter 323, including Section 323.052, effective July 1, 1980. Chapter 76-168, § 3, Laws of Florida, as amended by Chapter 77-457, § 1, Laws of Florida. The ordinance currently under review, Ordinance No. 81-85, was enacted over one year later on July 21, 1981. Thus, at the time Ordinance No. 81-85 was enacted, there was no state law in existence which limited Dade County’s authority to regulate taxicabs within the municipalities. With the statute’s repeal, the sole legal impediment to Dade County’s authority to regulate taxicabs within municipal boundaries was removed. The decision in Metropolitan Dade County v. City of Miami, supra, does not affect the validity vel non of Ordinance No. 81-85.[2]
H.
Ordinance No. 81-85 was enacted pursuant to the authority of Article 1.01(A)(3) of the Dade County Home Rule Charter, as amended by the voters in a county-wide election in March 1976. That amendment removed the Home Rule Char *245 ter’s limitation on Dade County’s authority to regulate taxicabs only in the unincorporated areas of the county and expanded such authority to include the entire county. The appellants contend that the Charter amendment, at the time of its enactment, conflicted with Section 323.052, making the amendment invalid at its inception. Again their reliance on Metropolitan Dade County v. City of Miami, supra, is misplaced. The case did not hold Section 1.01(A)(3) of the Charter to be in conflict with the statute.[3]
In Jordan Chapel FreeWill Baptist Church v. Dade County, 334 So.2d 661 (Fla. 3d DCA 1976), we held:
“The sole test of conflict ... is the impossibility of co-existence of two laws. Courts are therefore concerned with whether compliance with a County ordinance requires a violation of a state statute or renders compliance with a state statute impossible.” 334 So.2d at 664 (emphasis in original).
See also State ex rel. Dade County v. Brautigam, 224 So.2d 688 (Fla.1969); City of Hialeah v. Martinez, 402 So.2d 602 (Fla. 3d DCA 1981); E. B. Elliott Advertising Co. v. Metropolitan Dade County, 425 F.2d 1141 (5th Cir. 1970). Applying that test to the Charter provision and Section 323.052, the two are not in conflict. The Charter amendment is a grant of power to the Board of County Commissioners to regulate taxicabs throughout the County. The method of exercising that power was governed by Section 323.052, for so long as such statute was in effect. Metropolitan Dade County v. City of Miami, supra. Section 1.01(A)(3) originally limited the County’s authority to regulate taxicabs to the unincorporated areas of Dade County only. Notwithstanding such limitation in the Charter, Section 323.052 granted Dade County the power to regulate some aspects of taxicab operations within the cities, e.g., the power to set uniform rates and charges “throughout said county, including the incorporated and unincorporated areas.” By removing the territorial restriction on the County’s authority areas, the 1976 amendment to Section 1.01(A)(3) allowed the County to avail itself, should it choose to do so, of the full powers then permitted by Section 323.052.
III.
Last, the appellants contend that neither the Dade County Home Rule Amendment to the Florida Constitution nor the Home Rule Charter expressly authorizes the County to supersede and rescind existing municipal taxicab regulations, and that in the absence of such express authorization, Ordinance No. 81-85 is invalid. A like contention was rejected in Miami Shores Village v. Cowart, 108 So.2d 468 (Fla.1958). There the Village challenged a county-wide traffic ordinance applicable in both the unincorporated and the incorporated areas of Dade County. By its terms, the county ordinance superseded and nullified all existing municipal traffic ordinances. The fact that neither the Dade County Home Rule Amendment nor the Home Rule Charter expressly authorized the County to preempt the field of traffic regulation, did not affect the validity of the ordinance there and does not affect the validity of Ordinance No. 81-85.[4]
Affirmed.

. Section 323.052 was enacted in 1974, Chapter 74-131, § 1, Laws of Florida, and remained in effect, unchanged, until July 1, 1980. The conflict arose from subsection (3), which provided:
“(3) Any municipality regulating and licensing for-hire passenger motor vehicles on July 1, 1974, shall retain all its existing powers under this chapter ... unless such authority is transferred to the county by a majority vote of the governing body of the municipality.”
Section 323.052 limited the method by which charter counties could regulate taxicabs within municipal boundaries.

. We find further support for our holding in the Supreme Court’s disposition of a post-decision motion in Metropolitan Dade County v. City of Miami, supra. After Ordinance No. 81-85 was enacted, the City of Miami applied to the Supreme Court in Metropolitan Dade County v. City of Miami, supra, for “A Contempt Order to Enforce Compliance With This Court’s Mandate.” The City argued that nothing had transpired since the issuance of the court’s opinion which granted Dade County additional authority to supersede and nullify municipal taxicab regulation within the cities of Miami and Miami Beach and that therefore, by enacting Ordinance No. 81-85, Dade County was in willful contempt of the court’s mandate therein. The Supreme Court denied the City’s motion.

. Indeed, the Supreme Court affirmed the trial court’s finding that the prior ordinance was “... properly enacted pursuant to section ll(l)(d) [The Home Rule Amendment to the Florida Constitution] and the county home rule charter.” 396 So.2d at 146.

. In Miami Shores Village, the Supreme Court found ample authority for the enactment of the ordinance in Section ll(l)(b) of the Home Rule Amendment which authorized the Board of County Commissioners to “... do everything necessary to carry on a central metropolitan government in Dade County.” The court construed Section ll(l)(b) to mean that the County could:
“... regulate on a county-wide basis according to a uniform plan those municipal services or functions that are susceptible to, and could be most effectively carried on under a regulatory plan applicable to the entire metropolitan area....” 108 So.2d at 471 (emphasis added).
and declaring the ordinance valid, held traffic control to be a municipal function that could be most effectively carried on under a uniform plan of regulation applicable to the County as a *246 whole. The appellants in the present case do not contend that the function of regulating taxicabs is not susceptible to and cannot be most effectively carried on under a uniform plan of regulation applicable to the County as a whole. Their only contention is that the County’s procedures were defective.