412 So.2d 395 (1982)
YELLOW CAB COMPANY OF DADE COUNTY and Home of Yellow Cab Company, Inc., Appellants,
v.
DADE COUNTY, Florida, d/b/a Metropolitan Dade County, Florida Yellow Cab Operators Association, Inc. and Associated Diamond Cabs, Appellees.
No. 82-216.
District Court of Appeal of Florida, Third District.
March 23, 1982.
Rehearing Denied April 29, 1982.
*396 Sibley, Giblin, Levenson & Glaser and Allan M. Glaser, Miami Beach, for appellants.
Robert A. Ginsburg, County Atty., and Allyson J. Ginsburg, Asst. County Atty., Miami, Avrach & Capps and Gerald N. Capps, Miami Beach, for appellees.
Before HUBBART, C.J., and HENDRY and FERGUSON, JJ.
FERGUSON, Judge.
This is an appeal from a final order of the trial court finding no unconstitutional impairment of contract.
The Yellow Cab Company of Dade County and Home of Yellow Cab Company, Inc. entered into certain contracts providing that Yellow Cab had the right to provide exclusive taxi-cab service at five hotels located in Dade County, Florida  the Omni, Doral Country Club, Doral Beach Hotel, Ramada Inn Airport East, and Plaza Venetia Hotel. Dade County subsequently enacted two emergency ordinances, Dade County Ordinance No. 81-129 and Dade County Ordinance No. 81-130 which prohibited exclusive taxi-cab service, i.e., the "buying of doors." These ordinances were to become effective upon the implementation of Dade County Ordinance No. 81-85 which provided for county-wide regulation of taxi-cabs. Yellow cab sought injunctive and declaratory relief in the Dade County Circuit Court from enforcement of these ordinances. The validity of ordinance 81-85, supra, was upheld by this court in City of Miami v. Metropolitan Dade County, 407 So.2d 243 (Fla. 3d DCA 1981). We now affirm the final order of the trial court which dissolved the temporary injunction and adjudged that Dade County Ordinances Nos. 81-129 and 81-130 were not an unconstitutional impairment of the contracts between Yellow Cab and the five hotels.[1]
The test of whether there has been an unconstitutional impairment of contract, in violation of the Florida Constitution, art. 1, § 10 or of the Constitution of the United States, art. 1, § 10, cl. 1, is essentially the same. As adopted by the Florida Supreme Court in Pomponio v. Claridge of Pompano Condominium, Inc., 378 So.2d 774 (Fla. 1980), the test requires the court to balance the nature and extent of impairment with the importance of the state's objective. The court cited Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978), reh. den., 439 U.S. 886, 99 S.Ct. 233, 58 L.Ed.2d 201 (1978) in identifying the following factors which a court might consider in applying the balancing test:
(a) Was the law enacted to deal with a broad generalized economic or social problem?
(b) Does the law operate in an area which was already subject to state regulation at the time the parties' contractual obligations were originally undertaken, or does it invade an area never before subject to regulation by this state?
(c) Does the law effect a temporary alteration of the contractual relationship of those within its coverage, or does it work a severe, permanent, and immediate change in those relationships  irrevocably and retroactively?
Pomponio v. Claridge of Pompano Condominium, supra at 779.
One effect of the exclusive contract arrangement is to require competitor taxi-cabs to "dead-head" at very popular hotels  i.e., competitor cabs may bring passengers to those hotels, but are not permitted to pick-up passengers at those locations. In this case the competing interest of the County, as stated, is to encourage free competition, provide passenger choice, and promote *397 flow of taxi-cab service in such a fashion as to conserve fuel and improve transportation efficiency on behalf of Dade County citizens.
Regulation of taxi-cabs has been held to be a proper subject for exercise of police power, State ex rel. Hosack v. Yocum, 136 Fla. 246, 186 So. 448 (1939), and taxi-cabs have for a long time been the subject of regulation by the state. See City of Miami v. Metropolitan Dade County, supra, and statutes and cases collected therein. Appellants were not deprived of a means of earning a livelihood or of providing service at the hotel, but only of the right to provide exclusive taxi-cab service at certain hotels. The burden placed on appellants is not palpably unjust or hostile, State ex rel. Hosack v. Yocum, supra. Further, there is no evidence, nor is it obvious to us, that the County Commission could have achieved its stated goal without abrogating the exclusive agreements.
The contract clause of neither the United States Constitution nor the Florida Constitution prohibits a state from enacting legislation with retroactive effect. Laws which impair the obligations of private contracts may be constitutional if they are reasonable and necessary to serve an important public purpose. United States Trust Company of New York v. New Jersey, 431 U.S. 1, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977).
Applying the test as pronounced by the United States Supreme Court and adopted by the Florida Supreme Court, we conclude that the interests of the County far outweigh the severity of impairment to appellants' private contracts and hold, therefore, that Ordinances 81-129 and 81-130, supra, were enacted as a reasonable and necessary exercise of the Commission's police powers.
Affirmed.
NOTES
[1] Because this court finds no impairment of contract, the issue of whether three of the five contracts were void ab initio is moot, a point conceded by appellee Dade County.