414 So.2d 230 (1982)
The ESTATE OF George Drew CONGER, by Its Personal Representative, Richard M. McIver, Appellant,
v.
Thomas Abe CONGER, Appellee.
No. 81-2427.
District Court of Appeal of Florida, Third District.
May 4, 1982.
Rehearing Denied June 11, 1982.
*231 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Sparber, Shevin, Rosen, Shapo & Heilbronner and Jeffrey M. Weissman and Robert L. Shevin, Miami, for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
Dr. George Drew Conger died on August 10, 1981 in Dade County, Florida. Prior to his death, he was president and chairman of the board of the Conger Life Insurance Company. His son, Thomas Abe Conger, served as executive vice president. By the terms of the will, Richard M. McIver was appointed personal representative for the estate. No bond was required of the personal representative. The will created a marital trust, two charitable trusts and a residuary trust. Thomas Conger was named sole trustee. As was the case with the personal representative, the trustee was not required to furnish bond.
The principal asset of the estate is sixty-two percent of the stock in Conger Life Insurance Company. On August 28, 1981, Thomas Conger was elected president of the company by the board of directors. It is undisputed, and the record reflects, that up until October 16, 1981, the Conger Life Insurance Company was in full compliance with the Florida Corporate Code and the Florida Insurance Code. On October 16, 1981, while Thomas Conger was out of the state on company business, the following events occurred:
1) Richard M. McIver, in his capacity as personal representative, held a "stockholders' consent to action" without a meeting and effected the following changes: the discharge of thirteen of the fifteen members of the board of directors; the creation of a three-person board of directors (McIver *232 became a member of that new board); the discharge of Thomas Conger as president of Conger Life Insurance Company; the election of a new president (Mr. McIver became the new president); the passage of certain bank resolutions deleting a requirement for two signatories on company checks; and, the addition of McIver as a signatory to company accounts without the requirement of another corporate officer's signature.
2) Thereafter, McIver, in his capacity as president, changed the locks on the company offices, moved certain company files, and held himself out as the individual directing the company activities.
Thomas Conger filed a motion styled "Verified Motion for Emergency Relief"[1] which was heard on October 20, 1981. The trial court found for Thomas Conger and it entered an order which essentially restored the parties to their positions prior to October 16, 1981. It is from that order which McIver, the personal representative, appeals. We affirm.
McIver contends that he was entitled, as a matter of law, to take the actions previously described pursuant to his authority as personal representative under the Florida Probate Code. Section 733.612(10), Florida Statutes (1979). McIver insists that the exercise of his voting prerogatives as the majority shareholder under Sections 607.394 and 607.097, Florida Statutes (1979) supersedes the provisions of the Florida Insurance Code, since the corporate charter issued prior to the enactment of Florida Statute 624.01 et seq. It is undisputed that Conger Life Insurance Company was in compliance with the Florida Insurance Code prior to McIver's actions. McIver ignores the effect of Section 628.041, Florida Statutes (1979), which provides that the Insurance Code prevails when it is inconsistent with the General Corporate Code. The violations of the Florida Insurance Code are manifest on this record. Section 624.404(3), Florida Statutes (1979) provides the "[Florida Insurance Department] shall not grant or continue authority to transact insurance in this state as to any insurer the management of which is found by it to be incompetent or untrustworthy or so lacking in insurance company managerial experience as to make the proposed operation hazardous to the insurance-buying public." McIver does not allege that he has the requisite insurance management experience, but, rather, states that he is willing to "drop my law practice" in order to manage this company. McIver's other corporate actions also violated the Insurance Code. Section 628.231(1), Florida Statutes (1979) provides that "the affairs of every domestic insurer shall be managed by not less than five directors." We need not visit the other areas of McIver's unlawful acts other than to say that the activities of Conger Insurance Company are properly regulated by the Florida Insurance Department. We have recently considered the impairment of contract issue. Yellow Cab Company of Dade County v. Metropolitan Dade County, 412 So.2d 395 (Fla. 3d DCA 1982). Speaking for the court, Judge Ferguson laid down the test for unconstitutional impairment of contract. McIver's claims with respect to impairment of contract do not meet the test as established in Yellow Cab, supra. Pomponio v. Pompano Condominium, Inc., 378 So.2d 774 (Fla. 1979). The public's interest in this litigation far outweighs McIver's interest as personal representative. The state has a legitimate interest in the supervision of the control of an insurance company's operations. Springer v. Colburn, 162 So.2d 513 (Fla. 1964); Feller v. Equitable Life Assur. Soc. of the United States, 57 So.2d 581, 586 (Fla. 1952); Production Credit Associations of Florida v. Department of Insurance, 356 So.2d 31 *233 (Fla. 1st DCA 1978); Hughes v. Professional Insurance Corporation, 140 So.2d 340, 347 (Fla. 1st DCA 1962). Thomas Conger, in his capacity as trustee and ultimate beneficiary, has an interest in insuring that the company's operations are in conformity with state law.
Appellant contends that the relief received by Mr. Conger is in excess of the trial court's jurisdiction, absent an evidentiary hearing. We reject that contention as utterly without merit since the trial court conducted a full hearing and no evidentiary facts were in dispute. A circuit court, sitting in its probate capacity, has inherent jurisdiction to monitor the administration of an estate and to take such appropriate action as it may deem necessary to preserve the assets of the estate for the benefit of the ultimate beneficiaries. In re Estate of Feldstein, 292 So.2d 404 (Fla. 3d DCA 1974). As we stated in Beck v. Beck, 383 So.2d 268 (Fla. 3d DCA 1980):
"An order of the probate court arrives in the appellate court clothed with the presumption of its correctness and will be affirmed if it can be supported on any theory. In re Estate of Schor, 172 So.2d 888 (Fla. 3d DCA 1965). The findings of a probate court are entitled to the same weight as the findings of any other trier of fact. In re Estate of Winslow, 147 So.2d 613 (Fla. 2d DCA 1962). The burden is on the appellant to show that the findings and order of the probate court are clearly erroneous. Gardiner v. Goertner, 110 Fla. 377, 149 So. 186 (1933)."
Beck at 272.
The intent of the testator, by the terms of the will, is to make Thomas Conger the chief operating officer of Conger Life Insurance Company, and to continue the business of the company.[2]/[3] The personal representative should give effect to the obvious intent of the testator. Johnson v. Burleson, 61 So.2d 170 (Fla. 1952). McIver's actions, assuming the best of intentions, are clearly at variance with Dr. Conger's expressed wishes.
We affirm the judgment of the trial court in all respects and remand for further proceedings in accordance with the views expressed herein.
NOTES
[1] The Verified Motion for Emergency Declaratory and Preliminary and Permanent Injunctive Relief was properly filed in the probate proceedings below. McIver's threshold complaint is that Thomas Conger lacked standing to seek the relief requested. That issue was not presented to the trial court and, therefore, is not properly preserved for review. Jaruagua Enterprises, Inc. v. Dom, 339 So.2d 702 (Fla. 3d DCA 1976). Even if we were to consider the standing issue, appellee, nevertheless, does have standing pursuant to Section 731.201(21), Florida Statutes (1979). In re Estate of S. Cyrus Lewis, 411 So.2d 368 (Fla. 4th DCA 1982).
[2] ITEM TWELVE (a) of the will provides: "My Trustee shall hold said shares of stock and other trust property for a period of fifteen (15) years from the date of my death and shall vote the same and invest or dispose of the trust property as he deems to be in the best interest and preservation of Conger Life Insurance Company.

ITEM FOURTEEN of the will vests the broadest possible powers in the administration of the several trusts in the trustee.
ITEM SIXTEEN of the will appoints Thomas Conger as sole trustee.
[3] While we agree that Section 733.612(10), Florida Statutes (1979) permits a personal representative to vote stock held by him for the benefit of the ultimate beneficiaries, he may not do so in derogation of other provisions of the will. See Johnson v. Burleson above.