PER CURIAM.
Two questions are presented in these consolidated appeals from orders of the Probate Court: 1) whether the trial court could have decided as a matter of law, without an evidentiary hearing, that certain negotiable instruments held in accounts in the joint names of the deceased and her children were intended to pass as part of the estate by a will created ten years after the accounts were established, and 2) whether the court could order that those monies in the joint accounts be turned over to a curator pending a resolution of the question whether they should be included in the probate estate.
An evidentiary hearing is required because there is a genuine uncertainty as to which of at least two reasonable constructions of the will should apply, resolution of which would be aided by consideration of parol and extrinsic evidence. Campbell v. Campbell, 489 So.2d 774 (Fla. 3d DCA 1986).
The trial court did not abuse its discretion in appointing a curator to mar-shall and hold for safekeeping all of the decedent’s assets, including those which were claimed by one of the beneficiaries as non-probate assets, pending a determination as to the status of those assets. Section 733.501, Florida Statutes (1985) authorizes the appointment of a curator whose first responsibility is to marshall all of the decedent’s effects. The order to “turnover” assets was particularly appropriate in light of allegations that the beneficiary claiming ownership of joint account property adverse to the interests of other beneficiaries was also making distributions of those assets. See Perez v. Lopez, 454 So.2d 777 (Fla. 3d DCA 1984) and Estate of Conger v. Conger, 414 So.2d 230 (Fla. 3d DCA 1982).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.