PER CURIAM.
We affirm the final judgment entered by the trial court denying Yzquierdo’s petition for a writ of mandamus to compel the county to issue five taxicab permits. Yzquierdo had unsuccessfully applied to the county for conversion of five taxicab permits issued to him by the City of Sweet-water on December 15, 1981. We agree with the county that it was not required to convert the permits since the City of Sweet-water was without the authority to issue them. Sweetwater had delegated its authority to regulate taxicabs to the county prior to the county’s adoption of Ordinance No. 81-85 in July, 1981. The ordinance displaced all municipal regulation of taxicabs and provided for a single regulatory system administered by the county. The effective date of the ordinance was October 1, 1981.
Prior to October 1, 1981, several cities challenged the county’s authority to control the issuance of permits. This court ordered a temporary injunction against enforcement of the ordinance pending resolution of the issue. This court ultimately upheld the validity of the ordinance in City of Miami v. Metropolitan Dade County, 407 So.2d 243 (Fla. 3d DCA 1981), rev. denied, 418 So.2d 1278 (Fla.), appeal dismissed, Green v. Metropolitan Dade County, 418 So.2d 1279 (Fla.1982). The injunction was consequently dissolved by this court in January, 1982. Notwithstanding the challenges to the ordinance, its October 1, 1981, effective date remained unaltered. See Neisel v. Moran, 80 Fla. 98, 85 So. 346 (1919); Imperial Point Colonnades Condominium, Inc. v. Freedom Properties Int’l, Inc., 349 So.2d 1194 (Fla. 4th DCA 1977). Because the ordinance was effective from October 1, 1981, Sweet-water was without authority to grant taxicab permits on December 15, 1981. The county was within its power in refusing to honor the Sweetwater permits.
Affirmed.