NIMMONS, Judge.
Appellant, Lloyd R. Smith, appeals from a final order appointing a curator to preserve the property of the estate rather than appointing him personal representative as specified in the will. We reverse.
The decedent, Mallory T. “Pete” Miller, executed his last will and testament on November 4, 1987, naming his nephew, the appellant, sole beneficiary and personal representative of his estate. Miller died almost two years later, and the appellant filed a petition for administration the same month. The decedent’s half-brother, John G. Miller (appellee herein), filed a petition for appointment of curator alleging that the appellant was improperly disposing of estate assets, including farm equipment, and expressing a fear that certain bank funds which were held jointly by the appellant and the decedent with rights of surviv-orship would not be accounted for in the estate. In addition, Miller also filed a sworn petition to set aside the will and appoint an alternate personal representative. The petition alleged the decedent was incompetent and under undue influence when the will was executed, the appellant commingled the assets of the estate, has not kept adequate records, and has made unauthorized expenditures and sales of property. The trial court granted the appointment of a curator.
The authority for the appointment of a curator is found in Section 733.501, Florida Statutes (1989), which provides in pertinent part:
(1) When it is necessary, the court may appoint a curator and issue letters of curatorship to take charge of the estate of a decedent until letters are granted....
*489 Although the circumstances calling for the appointment of a curator are not specified in the statute, a typical situation is where there is a delay in the appointment of a personal representative and a fiduciary is needed to take charge of the estate assets.
The general rule is that trial courts are without discretion to refuse to appoint the personal representative specified by the testator in the will unless the person is expressly disqualified under the statute or discretion is granted within the statute. See § 733.301, Fla.Stat. (1989); Pontrello v. Estate of Kepler, 528 So.2d 441 (Fla. 2d DCA 1988). Moreover, Section 733.-401(l)(b), Florida Statutes (1989), provides that once the petition for administration is filed,
... the court shall appoint the person entitled and qualified to be personal representative. (emphasis added.)
Circumstances may arise, however, which would allow the trial court to exercise limited discretion and refuse to appoint the personal representative named in the will. For example, there may be an occurrence which clearly would have changed the testator’s mind had he been aware of the occurrence, but no reasonable opportunity existed for him to act. See e.g., In re Estate of Maxcy, 240 So.2d 93 (Fla. 2d DCA 1970), cert. denied, 244 So.2d 435, 437 (Fla.1971) (proper for court to refuse to appoint widow named in will as coexecutrix based on her involvement in planning the demise of the decedent); cf. Pontrello v. Estate of Kepler (named personal representative must be appointed by court even though there was a finding of hostility between the executor and the beneficiaries which may result in unnecessary costs and litigation and may impede the administration of the estate).
In the case at bar, there was no evidentiary hearing and thus no proof presented regarding the allegations made by decedent’s half-brother that certain bank funds held jointly by appellant and decedent with rights of survivorship would not be included in the accounting of the assets of the estate. Further, there was no proof presented supporting the allegations that some personal property had been disposed of by the appellant.
The appellee cites In re Estate of Katz, 501 So.2d 68 (Fla. 3d DCA 1987) in support of his position. However, Katz is distinguishable. The court upheld the appointment of a curator to marshal the decedent’s assets in a will contest involving multiple beneficiaries, one of whom was making distributions of assets in certain joint account property. In the instant case, the appellant is the sole beneficiary named in the will and there has been no proof presented that he is improperly distributing assets from the bank accounts in question.
It is true that, generally speaking, a circuit court, acting in its probate capacity, may take appropriate action necessary to preserve the assets of the estate for the benefit of the ultimate beneficiaries. Estate of Conger v. Conger, 414 So.2d 230 (Fla. 3d DCA 1982). The trial court in this case, however, abused that discretion by appointing a curator to preserve the assets in lieu of appointing the named personal representative, without proof that such an extraordinary measure was necessary.
In the instant case, there were other, more appropriate alternatives than a curatorship. For example, under Section 733.504, Florida Statutes (1989), the court could have appointed the appellant as personal representative, but remove him if he interferes with the proper administration of the estate, causes a waste of assets, or meets any of the conditions specified in the statute. Pontrello v. Estate of Kepler, 528 So.2d 441 (Fla. 2d DCA 1988).
The court also could have appointed an administrator ad litem pursuant to Section 733.308, Florida Statutes (1989). Although the statute does not expressly provide for the appointment of an administrator ad li-tem when a personal representative exists, Florida Probate Rule 5.120(a) allows the appointment in circumstances where “... the personal representative or guardian is or may be interested adversely to the estate or ward ... or the necessity arises otherwise.” Fla.R.P. & G.P. 5.120 (1990).
*490 Additionally, the court could have appointed the personal representative and then required him to post a bond pursuant to Section 733.402, Florida Statutes (1989), even though the testator specifically waived that requirement in the case at hand.
Accordingly, the final order of the trial court appointing a curator is REVERSED and the cause is REMANDED for further proceedings consistent with this opinion.
ERVIN and ALLEN, JJ., concur.