749 So.2d 1290 (2000)
The FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, Appellant,
v.
Alena KARTENOVICH, Petar Javonic, Julie Flanders, Edwin Vasquez and The Berkshire School, Appellees.
No. 3D00-514.
District Court of Appeal of Florida, Third District.
February 24, 2000.
Clayton, Johnston, Quincey, Ireland, Felder, Gadd & Roundtree, P.A., and Leonard E. Ireland, Jr., Gainsville, for appellant.
William K. Terry, Jr., Coral Gables, for appellees.
Before COPE, GERSTEN and SORONDO, JJ.
COPE, J.
The Florida High School Activities Association ("FHSAA") appeals a temporary injunction. We reverse.
The FHSAA is the organization designated by statute to regulate high school athletic programs in member schools. See § 232.60-232.61, Fla. Stat. (1999). As required by law, the FHSAA has promulgated rules which prohibit the recruiting of students for athletic purposes. See id. § 232.61.
On February 1, 2000, the FHSAA received a complaint that appellee The Berkshire School had violated the rules relating to recruiting. On February 2, the FHSAA visited The Berkshire School to open an investigation relating to the boys' and girls' basketball teams.
On February 16, 2000, the FHSAA Commissioner notified The Berkshire School of his finding that the School was in violation of the FHSAA's policy on recruiting. The Commissioner declared the girls' basketball team ineligible to compete in any further games leading to the regional championship, and the boys' basketball team ineligible to compete in any other *1291 games leading to the district championship. The Commissioner's letter advised the School and the affected students that they had the right to appeal to the FHSAA's Sectional Appeals Committee, with a further right of appeal to the Board of Directors of the FHSAA.
The day after the Commissioner's ruling, the School and four students[1] (collectively, the "School") filed a complaint for declaratory and injunctive relief, seeking to set aside the Commissioner's action. The School requested an emergency temporary injunction because the girls' state basketball tournament was scheduled to begin that evening, February 17, 2000, and the boys' state basketball tournament was scheduled to begin soon thereafter. After an emergency hearing in which the FHSAA participated by telephone, the trial court entered a temporary injunction preventing the FHSAA from excluding the School's basketball teams from the end-of-season tournament games. The FHSAA has appealed.
"A temporary injunction is an extraordinary and drastic remedy which should be sparingly granted." Cordis Corp. v. Prooslin, 482 So.2d 486, 489 (Fla. 3d DCA 1986).
Generally, a party seeking a temporary injunction must establish: (1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) that the threatened injury to the petitioner outweighs any possible harm to the respondent, and (4) that the granting of a temporary injunction will not disserve the public interest.
Id. at 489-90 (footnote and citations omitted).
This temporary injunction fails at the threshold because there is no showing of a substantial likelihood of success on the merits. The injunction must be reversed. See Florida High School Activities Assoc., Inc. v. Adderly, 574 So.2d 158, 159 (Fla. 4th DCA 1990). That being so, we need not analyze the other elements of the four-part injunction test.[2] We note as a procedural matter that the temporary injunction should not have been entered without requiring a bond.
Because the standards for a temporary injunction were not satisfied in this case, the temporary injunction is reversed, effective immediately upon the release of this opinion. No motion for rehearing will be entertained.
Reversed.
NOTES
[1] The plaintiff students are Alena Kartenovich, Petar Javonic, Julie Flanders, Edwin Vasquez.
[2] For present purposes we assume that the School has satisfied element one, the showing of irreparable injury. Although we need not reach the point, we are inclined to believe that the School has not satisfied elements three or four.