PER CURIAM.
Affirmed. See In re Estate of Carpenter, 253 So.2d 697, 701 (Fla.1971)(providing a non-exclusive list of factors for consideration in a determination of active procurement:(a) presence of the beneficiary at the execution of the will;(b) presence of the beneficiary on those occasions when the testator expressed a desire to make a will; (c) recommendation by the beneficiary of an attorney to draw the will; (d) knowledge of the contents of the will by the beneficiary prior to execution; (e) giving of instructions on preparation of the will by the beneficiary to the attorney drawing the will; (f) securing of witnesses to the will by the beneficiary; and (g) safekeeping of the will by the beneficiary subsequent to execution.); Lonergan v. Estate of Budahazi, 669 So.2d 1062, 1064 (Fla. 5th DCA 1996) (Because it is the trial court who has the first — hand opportunity to hear and observe the witnesses as they testify, the trial court is in a superior position to weigh the evidence and credibility of the witnesses. It is not the function of an appellate court to substitute its judgment for that of the trial court unless there is a lack of competent substantial evidence to support the findings upon which a final judgment is based.); In re Hobein’s Estate, 238 So.2d 497 (Fla. 1st DCA 1970)(findings of fact made by a court sitting as a trier of both law and facts are entitled to same weight as verdict and *599 should not be disturbed unless clearly unsupported by evidence).