WARNER, J.
Appellant, a beneficiary under the will of the deceased, appeals an order denying her challenge to the probate court’s personal jurisdiction over her and requiring her to return bearer bonds belonging to the estate, which she removed from the State of Florida. We affirm on both issues.
First, with respect to personal jurisdiction, appellant was given formal notice of the petition for administration of the estate. See § 731.301(2), Fla. Stat. (2002). Furthermore, she filed a response to the formal notice and sought discovery in the estate proceedings. These acts, without a prior assertion of lack of personal jurisdiction, constituted a waiver of any claimed lack of jurisdiction. See Cumberland Software, Inc. v. Great Am. Mortgage Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987).
Second, with respect to the court’s order requiring return of the bonds to Florida, this case is analogous to In re Estate of Barsanti v. Cypen, 773 So.2d 1206 (Fla. 3d DCA 2000), in which the court reversed the denial of an order requiring return of bearer corporate stock certificates to Florida. The appellate court held that the probate court should have entered an injunction requiring return to the personal representative of an estate of the stock certificates possessed by an out-of-state beneficiary. The court explained:
This court held in Estate of Conger v. Conger, 414 So.2d 230, 233 (Fla. 3d DCA 1982): “A circuit court, sitting in its probate capacity, has inherent jurisdiction to monitor the administration of an estate and to take such appropriate action as it may deem necessary to preserve the assets of the estate for the benefit of the ultimate beneficiaries.” Furthermore, a probate court has the authority to issue temporary injunctions freezing assets claimed to belong to a decedent’s estate, even though ultimate ownership of those assets may be in dispute.
See Cypen, 773 So.2d at 1208 (citations omitted). The court noted that the function of the temporary injunction was not to determine the ownership of the stock but to preserve the asset pending the outcome of that determination, consistent with the duty of the personal representative to marshal and preserve the assets of the estate for distribution. See id. at 1209; § 733.607(1), Fla. Stat. (2002).
Similarly, in this case the appellant took the bearer bonds from the deceased’s safe deposit box after his death. The personal representative is simply fulfilling his duty to gather the assets of the estate by demanding their return. The trial court’s ordering their return to Florida was proper. If appellant has a claim to ownership, it can be made in the probate proceedings.
Affirmed.
STEVENSON and GROSS, JJ., concur.