PER CURIAM.
This appeal arises from an adversary action in a guardianship proceeding *790 brought by the appellee Comprehensive Personal Care Services, Inc. (“CPCS”) to remove the appellant/guardian, Alina Ripoll.[1] Ripoll is the successor guardian of the incapacitated ward, Caridad Asensio. CPCS is the guardian of Asensio’s assets.
It is alleged that Ripoll improperly took money from the guardianship to purchase a home for her personal use. In an attempt to protect the ward’s assets, the trial court ordered Ripoll in the presence of her husband, not to mortgage, hypothe-cate, or encumber this home in any way. Two days later, the Ripolls executed a mortgage on the home.
CPCS moved to remove Ripoll as guardian for violating the court’s order. The court directed the parties to attend a hearing on the matter, and ordered Ripoll to bring any and all documentation she had which would reflect the location of the proceeds from the mortgage. Ripoll appeared before the court on the directed day, invoked a Fifth Amendment privilege and refused to produce any documents or answer any questions about the mortgage. As a result, the trial court froze all of the Ripolls’ assets. They instituted this appeal. On the record before us, we cannot conclude that the trial court abused its discretion and affirm the order under review.
A circuit court has the inherent authority to monitor a guardianship and to take action it deems necessary to preserve the assets for the benefit of the beneficiaries. See In re: Estate of Barsanti, 773 So.2d 1206 (Fla. 3d DCA 2000). To that end, the court:
has the authority to issue temporary injunctions freezing assets claimed to belong to [a guardianship], even though ultimate ownership of those assets may be in dispute. See Wise v. Schmidek, 649 So.2d 336, 337 (Fla. 3d DCA 1995); Sanchez v. Solomon, 508 So.2d 1264 (Fla. 3d DCA 1987).
Barsanti, 773 So.2d at 1208. Because we find that the trial court acted within its discretion, we affirm. See Wise v. Schmidek, 649 So.2d 336, 337 (Fla. 3d DCA 1995)(in the absence of a clear abuse of discretion appellate court will not disturb trial court’s decision in granting, denying, dissolving, or modifying injunction).
Affirmed.

. Robert R. Ripoll, the guardian's husband, is also an appellant in this case.