JACOBUS, J.
Daniel Michael Switzer seeks certiorari review of an emergency injunction entered that prevents him from moving to a new residence with his minor child. The trial court first entered an oral order that prohibited Mr. Switzer from moving to a new residence that is forty-two miles away from his current residence, which he must vacate due to the termination of his lease. This Court ordered the trial court to enter a written order. The written order has been entered; however, the trial court did *1037 not make any of the requisite findings necessary for a temporary injunction.
It is well-settled that a party seeking a temporary injunction must demonstrate that: (1) there is a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) the petitioner has a substantial likelihood of success on the merits; (8) the threatened injury to the petitioner outweighs any possible harm to the respondent; and (4) the granting of the temporary injunction will not disserve the public interest. Dragomirecky v. Town of Ponce Inlet, 882 So.2d 495, 497 (Fla. 5th DCA 2004); see also Fla. High Sch. Activities Ass’n. v. Kartenovich, 749 So.2d 1290, 1291 (Fla. 3d DCA 2000). In the present case, the trial court made no findings of fact confirming that the respondent satisfied each of the temporary injunction requirements.
Accordingly, we grant the petition for certiorari, and vacate the May 26, 2013 order that prohibits Mr. Switzer from moving to a new residence with his minor child.
GRANT CERTIORARI, QUASH ORDER.
GRIFFIN and SAWAYA, 33., concur.